THE PEOPLE OF THE STATE OF NEW YORK ex rel. RALPH BEN-ACQUISTA, Appellant, against ERNEST H. BLANCHARD, as Sheriff of the County of Schenectady, Respondent.

Third Department, May 3, 1944.

*John J. Snapp,* attorney for appellant.

*William M. Nicoll, District Attorney,* for respondent.

BLISS, J. On October 6, 1938, appellant was sentenced by the Schenectady County Court to imprisonment in Elmira

Reformatory and the execution of this sentence was suspended and appellant placed on probation for ten years. The record does not show what, if any, were the conditions of the probation. In September, 1943, he was re-arrested on a bench warrant and on October 27, 1943, the court imposed on him an indeterminate sentence in Clinton State prison of not less than five nor more than ten years for the same crimes. This writ of habeas corpus followed.

At the hearing on the writ the only proof before the court was the petition. The return was served and filed out of court after the hearing and at about that time the order dismissing the writ was granted. In his return the sheriff relied upon the record of conviction of October 27, 1943, to sustain his custody of appellant. This certificate recites that at the time of his first sentence appellant was placed on probation on certain conditions, but does not name them. It further recites that he " violated and otherwise failed to comply with the conditions of his probation ". According to an affidavit of the Assistant District Attorney attached to the return, it was the practice at the time the defendant was placed on probation to direct each defendant so disposed of to immediately report to a probation officer who instructed him as to what his conduct should be and when and where to report. Also a probation card was given such defendant, signed by the County Judge and containing the terms of probation, together with directions as to reporting. Appellant did make some reports to the probation officer. A probation officer's report is printed in the record on appeal but is not included within the certification of such record. Its source or reason for being included in the record is not disclosed.

The statutory procedure as to probation is clear and orderly. Suspension of execution of a sentence is the same as being placed on probation and a failure to comply with any of the conditions of probation is a violation of such probation. (Code Crim. Pro. § 927.) The court must determine the conditions of probation and notify the probation officer thereof in writing. (Code Crim. Pro. § 932.) The conditions of probation as thus determined by the court appear to be a portion of the sentence or at least they must be determined by the court and imposed upon the defendant in a manner to give him due notice thereof. A probation officer may not impose conditions of probation except that he may give directions to a defendant as to reporting to him under Code of Criminal Procedure, section 932, subdivi-

sion c, and even then the court must first impose the condition to report as the probation officer directs. Whenever a probationer violates his probation the court may issue a warrant for his arrest. He must then be arraigned and afforded an opportunity to be heard and the court may revoke, continue or modify his probation. If revoked the court may impose any sentence it might have originally imposed. (Code Crim. Pro. § 935.) We take this to mean that the probationer must be informed as to his alleged violation and given an opportunity to either admit or deny the charge. There must be before the court proof of the violation and the probationer must be given an opportunity to offer proof in his own behalf. It is then, and then only, that the court may decide whether there has been any violation of probation or not. If the court finds that the probation has been violated, then it may proceed to revoke, continue or modify the probation. Section 470-a of the Code of Criminal Procedure authorizes the court to revoke an order suspending the execution of a judgment and to modify such judgment so as to provide for the imposition of any punishment which might have been imposed at the time of conviction. Here, again, the court may not do this without some proof.

The record in this case shows that on September 28, 1943, a bench warrant was issued " for violation of parole ". On October 27, 1943, the defendant appeared in person and the court advised him that the probation officer had reported that he had violated his probation. The nature of the violation was not disclosed, the petitioner neither admitted nor denied the violation, and there was no formal proof of violation before the court. The court then proceeded to sentence petitioner to a State prison for an indeterminate sentence of not less than five years and not more than ten years. This does not comply with the provisions of the Code of Criminal Procedure. There was no information or other written statement of the alleged violation; there was no arraignment and no proof either by way of admission or otherwise of the violation. The court did not revoke the probation but merely imposed a new and different sentence. This was not a compliance with the Code of Criminal Procedure and the writ of habeas corpus should have been sustained.

The order should be reversed on the law and facts, with twenty-five dollars costs and disbursements, and writ sustained, with twenty-five dollars costs, against the county.

HEFFERNAN and SCHENCK, JJ., concur; HILL, P. J., concurs as to the reversal of the order dismissing the writ and votes that the defendant be returned to the custody of the Schenectady County Sheriff for such action, if any, as the County Court of Schenectady County deems proper; BREWSTER, J., taking no part.

Order dismissing writ of habeas corpus reversed on the law and facts and writ sustained and petitioner ordered discharged, with twenty-five dollars costs against the County of Schenectady. [See amended decision, 267 App. Div. 1018.]