In the Matter of MICHAEL JULIANE, Appellant, against CHEMUNG COUNTY COURT, Respondent.— This is an appeal from an order of the County Court of Chemung County, denying appellant's *coram nobis* application to vacate a judgment of conviction. Petitioner was indicted September 10, 1917, by Chemung County Grand Jury, charged with assault, second degree, and violation of section 1906 of the Penal Law. On his arraignment September 12, 1917, represented by an attorney, he entered a plea of not guilty, reserving the right to change the plea or demur to the indictment by September 14, 1917. He was next arraigned, without counsel, April 16, 1918, then changing his former plea to one of guilt of the crime charged. He waived the two-day period for sentencing and the court suspended sentence on condition that he keep away from bad company. The Judge's minutes state that defendant " Doesn't want attorney, Waives reading of indictment, Waives two days before sentence, Sentence suspended on condition that he keep out of trouble and bad company." Within a few hours petitioner was picked up as a " parole" violator and arraigned on that charge the succeeding day, April 17, 1918, again without counsel. The court then sentenced him to the New York State Reformatory. Petitioner was then seventeen years of age. There is no record of the issuance of a warrant of arrest for a probation violation (Code Crim. Pro., § 935) nor of any formal charge or proof of such violation. (*People ex rel. Benacquista* v. *Blanchard*, 267 App. Div. 663.) It is said that the chief of police charged violation of " parole" by the commission of forgery, but it appears that no record of such an act or charge is available. In view of the circumstances disclosed in this case, that is, the youth of petitioner in 1918, of the imposition of sentence so closely upon the heels of its suspension, and of the informality of the proceedings relating to the charge of probation violation, we conclude that there was a denial of justice and that the sentence imposed on April 17, 1918, should be vacated. Order reversed, on the law and facts, the judgment of conviction vacated and petitioner remanded to the court last sentencing him for resentence in the light of the vacating of the conviction of April 17, 1918. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.