John Wayne BURGETT, Plaintiff-in-Error,

v.

STATE of Oklahoma, Defendant-in-Error.

No. A–12976.

Criminal Court of Appeals of Oklahoma.

June 14, 1961.

Sid White, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

The defendant, John Wayne Burgett, entered a plea of guilty to the charge of interfering with a standing motor vehicle on April 15, 1960 in the Court of Common Pleas of Oklahoma County, Oklahoma and was sentenced to serve six months in the county jail and pay the costs of the action. Judgment and sentence was suspended upon the terms and conditions set forth under 22 O.S.(1951) § 992. On August 18, 1960 a motion to revoke the suspended sentence

was made by the County Attorney of Oklahoma County and on October 3, 1960 the defendant appeared before the court and an order revoking the suspended sentence was entered by the trial court.

The defendant attempts to appeal from the order revoking his suspended sentence and asserts that it is an appealable order. It is contended by the State that the defendant has no right to appeal from the order and can only question it by way of habeas corpus. An exhaustive search of the Oklahoma cases leads us to agree with the State. Although there are numerous cases questioning the action of a trial court in revoking a suspended judgment and sentence a direct appeal to this Court has never been maintained. The language used in syllabus number six in State v. Humphrey, 85 Okl.Cr. 153, 186 P.2d 664 indicates that such an order is not appealable. There the Court said that "the granting or refusal of suspended sentence or the refusal to revoke a suspended sentence being a matter addressed to the sound discretion of the trial court, *no appeal will lie from an order of the trial court rendered in the exercise of that discretion."* (Emphasis ours.) We feel that to allow an appeal to be taken from such an order would clog the wheels of justice and hinder its orderly administration. It would provide a method whereby one could lodge a frivolous appeal when none of his constitutional rights have been violated. Suspension of judgment and sentence is not a matter of right but is purely within the trial court's discretion. The Legislature charged the trial court with the duty of determining in the first instance whether a defendant shall be given a suspended sentence, and by the same statute it clearly vests in the court the power to determine in his own sound judicial discretion when such suspension of execution of sentence should be terminated. 22 O.S.(1951) § 992. "The vesting of such power in the court does not deprive the defendant of any of his constitutional rights. No convicted person has a constitutional right to produce proof to try out the issue of what his punishment shall be." Ex parte Boyd, 73 Okl.Cr. 441, 122 P.2d 162, 172.

This is not to say that the process by which a trial court proceeds to revoke a suspended sentence will go unchecked. This Court will determine whether there has been an abuse of discretion, in habeas corpus proceedings. The general rule that on habeas corpus this Court will determine only whether the trial court had jurisdiction of the person and of the offense charged and had jurisdiction to pronounce the particular judgment does not apply to the matter of revocation of suspended sentences. As was said in the Boyd case, supra, the question for determination in habeas corpus proceedings by accused when his suspended sentence has been revoked is whether there has been an abuse of discretion by the trial court in accordance with the familiar principles governing the exercise of judicial discretion. We feel that this exception to the rule enlarging the extent of judicial review in habeas corpus proceedings in this area of the law will afford much faster relief than would be afforded by way of appeal. Therefore, we are of the opinion that the order of the trial court in the case at bar revoking the suspended sentence of the defendant is not an appealable order and this appeal is hereby denied.

NIX, P. J., and BRETT, J., concur.