Liston F. Coon, J.
Relator challenges his present confinement at Camp Monterey, an institution of the Department of Correction of the State of New York, based upon a judgment of the Allegany County Court which found him in violation of a term of probation directed upon an adjudication of being a youthful offender.
On January 12, 1962 relator was, in Allegany County Court, adjudicated to be a youthful offender and sentenced to the Elmira Reception Center. Execution of sentence was suspended and relator was placed on probation to the Allegany Probation Officer until he became 21 years of age, ‘1 on such terms as the Probation Officer shall provide for you.”
On March 1, 1963 relator, after a hearing at which he denied any violation of probation, was found to have violated his probation. The suspended sentence was revoked and the original *190 sentence was ordered executed. Following commitment to the Elmira Reception Center and confinement at other institutions, relator was transferred to Camp Monterey, where he is presently confined.
Relator contends that he could not have been found guilty of violating his probation because the terms of probation were not set by the court pursuant to section 932 of the Code of Criminal Procedure which states that “ The court shall determine the conditions of probation”. The respondent, on the other hand, relies upon section 936 of the Code of Criminal Procedure which requires every probation officer “to furnish to each of his probationers a statement of the conditions of probation ”, arguing that the court’s order for the probation officer to “ provide ” was merely following the mandate of section 936.
Within the context of these two sections this court must interpret the meaning of that part of the adjudication reading “ on such terms as the Probation Officer shall provide ”. The word “ provide ” is synonymous with “ furnish ” but is likewise synonymous with ‘1 determine ’ ’, especially if the pertinent phrase were made to read, ‘ ‘ the Probation Officer shall provide such terms ”.
It is well founded that it is the responsibility of the court to determine the conditions of probation (People ex rel. Benacquista v. Blanchard, 267 App. Div. 663; People ex rel. Stumpf v. Craig, 79 Misc. 98). The granting of probation is a judicial process exercised in the discretion of the court. (People v. Oskroba, 305 N. Y. 113.) It cannot be delegated to a probation officer except for administrative purposes.
Faced with a patent ambiguity in the terminology of the order of adjudication, this court finds that the sentencing court did not determine the conditions of probation and that the relator is entitled to relief.
Such determination should not be interpreted as requiring every sentencing court to spell out every individual condition and requirement of probation but at least there should be some evidence of the court’s knowledge and approval of terms. This could be accomplished in a number of ways. Where, as in some jurisdictions, the court, the probationer and the probation officer all sign the written terms given to the probationer, it would seem that the statute is satisfied. Or the adjudication or judgment might read, 11 placed on probation on such terms and conditions as are attached to and made a part hereof ’ ’.
The court is aware of the case of People v. Crandall (278 App. Div. 1039) where the Appellate Division, in a coram nobis proceeding, held that a direction to report to the probation *191 officer following a suspended sentence was satisfactory compliance with section 932. There, however, the defendant admitted to violating the terms of a suspended sentence £ £ during good behavior ’ This was apparently a general admission of violation.
In the present case, the writ is sustained and the relator is ordered discharged.