■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. DOUGLAS J. PERRY, Respondent, v. HERMAN E. CASSIDY, as Correction Supervisor of the Correction Youth Camp, Monterey, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— *Per Curiam.* On January 12, 1962 in the County Court of Alleghany County relator was adjudged to be a youthful offender, sentenced to imprisonment in an institution under the jurisdiction of the Department of Correction and committed to the Reception Center at Elmira for classification, program-planning and transfer in accordance with the provisions of article 3-A of the Correction Law. Execution of the sentence was suspended and relator was "placed on probation to the Probation Officer of Alleghany County until he is 21 years of age, on such terms as the Probation Officer shall provide for you." On March 1, 1963 upon an information filed by the Probation Officer charging a violation of the conditions of his probation relator was arraigned before the sentencing court which, following a hearing, revoked his probation and again sentenced him to the Reception Center at Elmira for an indeterminate term in accordance with the provisions of section 913-c of the Code of Criminal Procedure. Sundry transfers placed him in the custody of appellant on February 11, 1964. In May of the same year he sued out a writ of habeas corpus in the County Court of Schuyler County alleging that his imprisonment was illegal since the conditions of probation were determined not by the court but by the Probation Officer. From the judgment sustaining the writ and directing the discharge of the relator from further detention the People of the State of New York appeal. The statute

mandates that "The court shall determine the conditions of probation" and "shall notify the probation officer in writing of his designation to act and of the period and terms of probation." (Code Crim. Pro., § 932.) As material here, the duty of the Probation Officer was "to furnish to each of his probationers a statement of the conditions of probation, and to instruct him with regard thereto". (Code Crim. Pro., § 936.) We cannot reasonably disagree with the construction given by the court below to the terminology employed in the order placing relator on probation. So interpreted, there is basis for the finding that the sentencing court failed, as required, to determine the conditions of relator's probation. The omission to comply with the statute removed the predicate of the revocative action and undermined the legality of relator's detention under the resentence. (*People ex rel. Benacquista* v. *Blanchard*, 267 App. Div. 663, 1018.) The certified photocopy of the original of a completed form titled "ORDER AND CONDITIONS OF PROBATION — ADULT", submitted to us by the Attorney-General and served upon the relator, bears only the typewritten signature of the Judge and without explanation would seem to support the contention of respondent. The judgment sustaining the writ did not discharge the judgment of conviction, upon which the "judgment of imprisonment [was] suspended". Judgment affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur. [43 Misc 2d 189.]