**In re Habeas Corpus of Gaylin Gene COLLYAR.**

**No. A–15922.**

Court of Criminal Appeals of Oklahoma.

April 1, 1970.

Carroll E. Gregg, Turner & Gregg, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., D. E. Herrold, Bill Bonnell, Asst. Attys. Gen., for respondent.

BRETT, Presiding Judge.

This is an original proceeding in habeas corpus in which petitioner is seeking his release from the penitentiary. Petitioner was confined as the result of an order of the district court of Oklahoma County, revoking petitioner's seven year suspended sentence. Said order was entered in that court's case number 34784, on November 7, 1968, on a plea of guilty to a charge of possession of marihuana. The suspension provision, on the printed judgment and sentence form used by the said court, reads as follows:

> "It is further Ordered, Adjudged and Decreed by the Court that this judgment and sentence shall be and is suspended pursuant to the provisions of the Oklahoma Corrections Act of 1967, and pursuant to the rules of the Department of Corrections of the State of Oklahoma, provided however the defendant shall pay the costs of this action."

Thereafter, on February 24, 1969, an alias warrant was issued on the grounds that petitioner "has violated the terms of his suspended sentence." On the following day, February 25th, the district attorney filed an "Application to Revoke Suspended Sentence." The said application recites the following:

> "The Court is further informed that the defendant has subsequently failed to comply with the terms of his suspended

sentence, in that: The defendant has been associating with ex-convicts or persons having a criminal record and is maintaining a narcotic habit by obtaining and using Class "A" narcotic drugs known as Numorphan (oxy morphone) hydrochloride and Demerol."

On February 28, 1969, a hearing was had on the application to revoke, and petitioner's suspended sentence was revoked. The findings of the revocation order state that, "the said defendant has violated the terms of the order granting said defendant a suspended sentence, and the Court being advised: The defendant has violated the terms of his suspended sentence." The record of the revocation hearing is not available to the Court. However, the Court is informed that no record was made at the time the suspended sentence was imposed, so we must be governed in this decision by the terms stated on the judgment and sentence.

A hearing was had in this Court on March 25, 1970, on petitioner's request for issuance of the writ of habeas corpus. At that hearing the State Attorney General's office represented the respondent herein and conceded that the Department of Corrections Act of 1967 made no provisions concerning suspended sentence, as referred to in the said judgment and sentence. It was likewise agreed that there is no statutory authority for the trial court to delegate the authority of imposing terms and conditions for a suspended sentence to the Department of Corrections, or to any other department of government. It is the sole authority and responsibility of the court imposing a suspended sentence to set forth and the terms and conditions governing such suspension.

■ Counsel for petitioner relies on Madden v. Faulkner, Sheriff, Okl.Cr., 450 P.2d 860, as authority for this Court to entertain this habeas corpus petition, as well as authority for this Court to grant petitioner his relief prayed for. Counsel for petitioner argues that there is no relationship between terms and conditions of the

judgment and sentence and the reasons set forth in either the application to revoke, or the trial court's findings in the order of revocation. In substance, counsel argues, the execution of sentence was suspended without conditions, insofar as the said Corrections Act of 1967 is silent concerning such matter. This Court is inclined to agree with counsel.

In addition to what is provided in the *Madden* case, supra, this Court recited in Burgett v. State, Okl.Cr., 362 P.2d 975, that habeas corpus is a proper remedy to test the sufficiency of a hearing revoking a suspended sentence. Admittedly the Burgett case was decided prior to the enactment of 22 O.S.Supp. § 991b, which now specifically provides for an appeal from the order of revocation. However, at the time petitioner's suspended sentence was revoked, § 991b had not been enacted by the Legislature. Likewise, in the *Burgett* case, supra, this Court stated that this Court will determine whether or not there has been an abuse of judicial discretion in revoking the suspended sentence.

In Madden v. Faulkner, supra, this court provides in the first paragraph of the syllabus:

"Since there are no statutory guidelines as to grounds for revoking a suspended sentence, it is incumbent upon a judge suspending a sentence to specify the terms, if any, upon which such suspended sentence is conditioned, and a person on such suspended sentence must have notice and opportunity to refute allegations that such specified conditions have been violated before such person can be deprived of his liberty." 22 O.S.Supp. § 991a.

Under the provisions of 22 O.S.Supp. § 991a, the sentencing powers of the court are stated as follows:

Whenever a person is convicted of any crime, except when the death sentence is imposed, the court may:

(1) Suspend the imposition or execution of sentence with or without probation, or

(2) Place such convicted person on probation, or

(3) Impose a fine as provided by law for the offense, with or without probation or commitment, or

(4) Commit such person for confinement as provided for by law.

Subsections (1), (2) and (3) hereof shall not apply upon the third or subsequent conviction of a felony. Laws 1968, c. 204, § 1, emerg. eff. April 22, 1968.

After considering all things submitted to the Court and after hearing the oral arguments of counsel, we are constrained to believe that petitioner's suspended sentence was revoked without sufficient justification. Subsequent to the trial court's action in this instance, the legislature enacted 22 O.S.Supp. § 991b, which indicates legislative intent and provides, in part:

"[T]he suspended sentence of said person may not be revoked for any cause unless competent evidence justifying the revocation of said suspended sentence is presented to the court at a hearing to be held for that purpose." Laws 1969, c. 57, § 1.

Petitioner's counsel argues, that even assuming said section of the statute were applicable in this instance no competent evidence could have been offered, because the Department of Corrections Act of 1967 makes no provisions whatsoever, concerning suspended sentences, as referred to in said judgment and sentence; and, that even if there had been such provisions contained in the act, the Court cannot delegate its responsibility to state the terms and conditions of suspension. Counsel argues further, that whatever was presented the revocation hearing was not material to the issue concerning the stated terms of suspension. We conclude counsel is correct.

In reviewing the cases of other jurisdictions governing these matters, we find two similar cases determined by the New York Supreme Court, Appellate Division, Third Department, and while the statutes of the State of New York are more specific than the Oklahoma Statutes, the circumstances are very similar and the general principles of law are the same. In People ex rel. Benacquista v. Blanchard, Sheriff, (1944), 267 App.Div. 663, 267 App.Div. 1018, 48 N.Y.S.2d 22, the appellate court sustained petitioner's writ of habeas corpus and discharged him for the reasons that the probation officer failed to disclose the specific nature of the violation, and failed to offer formal proof of violation of the terms of petitioner's suspended sentence "probation."

Also, in People ex rel. Perry v. Cassidy, (1965), 23 A.D.2d 706, 257 N.Y.S.2d 228, petitioner—a youthful offender—was placed on a suspended sentence "on such terms as the probation officer shall provide you." The appellate court sustained the judgment of the County Court in granting petitioner's writ of habeas corpus because the conditions of probation were not determined by the Court.

In a case before the Supreme Court of Idaho, the trial court's action in denying petitioner's writ of habeas corpus was reversed and remanded because of the trial court's failure to permit petitioner to offer specific proof contradicting the allegations of the district attorney, when the revocation hearing was held; and because the proof offered by the state was not sufficient to show a violation of the terms of suspension. See: State v. Edelblute (1967), 91 Idaho 469, 424 P.2d 739.

In reaching a decision in this matter, we reach the following conclusions and hold that:

1. When a person is granted a suspended sentence, under the provisions of 22 O.S.Supp. § 991a, the court must set forth the terms and conditions governing the suspension.

2. When an application to revoke a suspended sentence is presented to the trial court, said application must state allegations sufficiently clear to advise the person of the reasons for seeking such revocation, as being violations of the terms and conditions of suspension; and the said

application to revoke must be set down for a hearing before the suspended sentence can be revoked.

3. At the revocation hearing, the state must offer competent evidence justifying the revocation; and the person—whose suspended sentence is being revoked—shall have the right to counsel and to present evidence in his own behalf; and shall have the right to be confronted by the witnesses appearing against him.

4. The order of the court revoking the persons' suspended sentence shall be subject to review on appeal, as in other appeals of criminal cases.

5. If the suspended sentence was granted from a conviction for a felony, or if the cause for revoking the person's suspended sentence is for the alleged commission of a felony, the person—whose suspended sentence is being revoked—shall not be entitled to bail pending the appeal from the order revoking said suspended sentence.

In reaching a decision in this case, we do not hold that a person, whose suspended sentence is being revoked, is entitled to receive the full scope of constitutional due process at the hearing on an application to revoke; but we do believe that such hearing should reflect fundamental considerations of fairness. The United States Supreme Court stated in Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566, (1935):

[F]undamental considerations of fairness and sound judicial administration cannot tolerate an arbitrary deprivation of one's liberty.

We are therefore of the opinion that the writ of habeas corpus in this case should be granted. It is therefore the order of this Court that the district court order dated February 28, 1969, order revoking petitioner's suspended sentence in Oklahoma County District Court case number 34784, shall be vacated, set aside and held for naught; and that petitioner, Gaylin Gene Collyar, shall forthwith be discharged from the state penitentiary at McAlester, Oklahoma, and petitioner shall be returned to his former conditions on the suspended sentence.

Writ of habeas corpus granted.

BUSSEY, J., concurs in results and NIX, J., concurs.