Jerry Lewis **FOWLER**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–15589.

Court of Criminal Appeals of Oklahoma.

March 17, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Jerry Lewis Fowler, hereinafter referred to as defendant, entered a plea of guilty to the offense of Unauthorized Use of a Vehicle, After Former Conviction of a Felony, and received a two-year suspended sentence on January 20, 1969. The said suspended sentence was ordered revoked on September 24, 1969, and from said Order of Revocation, a timely appeal has been perfected to this Court.

At the hearing on the application to revoke, Kenneth Shipman testified that he was the probation officer of the Department of Corrections assigned to supervise defendant and had undertaken such supervision. He caused the application to revoke to be filed because of a number of arrests of defendant by the Oklahoma City Police Department following the suspension of his sentence January 20, 1969. Defendant had worked during this 151 days a total of four days and two hours. Defendant had quit one job voluntarily and left the other job because of an injury. At the time of defendant's arrest on June 20, 1969, he was in company with an ex-convict, Cecil Stevens.

Officer Martin, of the Oklahoma City Police Department, testified that on January 29, 1969, at about 9:00 p. m. he was at a teen-age recreation center near Northeast High School with another officer and arrested defendant for disorderly conduct. Defendant resisted and called on others to help. Defendant struck Martin a number of times with his fists and others threw bricks and bottles at the officers. Defendant got away and was apprehended later.

Officer Mosley, an Oklahoma City Park Ranger, was with Martin that night and testified that the fracas arose after the two officers had apprehended two runaway girls. Defendant made inquiry of the officers and was asked to leave, whereupon he began cursing them. As Martin attempted to arrest defendant "we started tussling" and defendant struck each of the officers (R 21). The defendant got away when others present began throwing rocks and bottles (R 22).

Defendant testified that he was at the recreation center that night and thought "the whole trouble started behind two girls, I think it started with rough treatment of some girls. And so during the process there was a lot of cussing." (R 23). Defendant denied cursing or striking the officers or resisting arrest or calling for help. He denied knowing that Stevens was an ex-convict during their association. He admitted to police officers, as a result of a "deal" with them, having committed a burglary (R 31).

While the probation officer testified to a number of arrests and convictions in Municipal Court during probation, these were based upon police "arrest reports." Investigation by his counsel developed that actually from the date of suspension police records showed two counts against defendant of assault and battery on an officer awaiting jury trial and one fine of $16.00 by reason of vagrancy. The State agreed that the records as shown by his attorney were correct.

The defendant's sole contention of error asserts that the judgment and sentence does not properly show the conditions of suspension of the sentence. The defendant cites the case of In Re Collyar, Okl.Cr., 476 P.2d 354, to support this position. We are of the opinion that the instant case is distinguishable from *Collyar*, supra.

The record discloses that at the revocation hearing the defendant was asked if he recalled what the court told him when he received the suspended sentence. The trial court said: "You don't need to ask him what I told him, I know what I told him * * * I can't find in the file one of these memorandums, but, I am satisfied I told him he is not to violate any laws of the State or Federal laws or City." (R 26–27).

We, therefore, are of the opinion that the trial court did, in fact specify terms of the defendant's suspended sentence that he not violate any law. The trial court stated that he would only consider what the records show, which revealed a conviction for vagrancy (R 37). In the case of In Re Collyar, supra, Judge Brett stated:

"In reaching a decision in this case, we do not hold that a person, whose suspended sentence is being revoked, is entitled to receive the full scope of constitutional due process at the hearing on application to revoke; but we do believe that such hearing should reflect fundamental considerations of fairness."

We find that the trial court set terms of the suspended sentence, and for those reasons, the Order revoking the suspension of judgment and sentence appealed from is affirmed.

NIX and BRETT, JJ., concur.