Jimmie Ray KING, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16294.

Court of Criminal Appeals of Oklahoma.

Feb. 9, 1972.

Don Anderson, Public Defender, Oklahoma, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in Error, Jimmie Ray King, hereafter referred to as defendant, has appealed from an Order Revoking a Suspended Sentence under the authority of 22 O.S.1971 § 991b. On March 17, 1965, defendant entered a plea of guilty to a charge of Second Degree Burglary, Oklahoma County Case No. 30293, and a charge of Unauthorized Use of Vehicle, Oklahoma County Case No. 30294, and was given a five-year suspended sentence. The March 17, 1965 five-year suspended sentence was conditioned on the ground, among others, that defendant would not violate any law, but remain a law-abiding citizen.

Subsequently, on March 13, 1970, the District Court of Oklahoma County entered an Order revoking the suspended sentences after a hearing at which defendant was present and represented by counsel. At the hearing on March 13, 1970, the court heard the testimony of three witnesses to the effect that the defendant had been involved in a burglary committed on December 1, 1969. Virgil Harvey testified that on December 1, 1969 he arrived at his place of business at 1140 South Eastern, Oklahoma City, and noted tools and equipment missing. On December 6, 1969 he

saw his missing property at the defendant's residence where defendant was offering it for sale. When confronted with Harvey's claim of ownership, the defendant stated he had taken the tools from a shop on South Eastern. Charles Guy Adkinson testified that he operated a cycle shop and that on December 6, 1969, defendant offered to sell him some hand tools. Adkinson notified Harvey and together they went to defendant's house and saw the tools, which Harvey claimed was his missing property. Lonnie Wood, an Oklahoma City Police Officer, testified that after advising defendant of his rights against self-incrimination, he talked to the defendant about the alleged burglary on December 1, 1969, and that defendant admitted having committed the offense. After hearing this evidence the district court revoked defendant's suspended sentences, finding that he had violated the terms of his suspended sentences.

The defendant is represented on appeal by the Public Defender of Oklahoma County, who makes no assignments of error and he states in his brief that "the revocation was fully justified."

We have examined the record and find that it was free of fundamental error; that defendant was notified of the ground upon which revocation was sought; that defendant was afforded a hearing on the revocation while represented by counsel; and that the court had before it competent evidence upon which it could conclude that defendant had violated the terms of his suspended sentences. Accordingly, it is apparent that defendant's revocation satisfies the requirements of In re Collyar, Okl.Cr., 476 P.2d 354 (1970). We therefore conclude that the Order of Revocation should be, and the same is hereby, affirmed.

BUSSEY, P. J., concurs in result.

SIMMS, J., concurs.