Alvin L. BROWN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16168.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1972.

Virgil L. Upchurch, Anadarko, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in Error, Alvin L. Brown, hereafter referred to as defendant, has appealed from an Order Revoking a Suspended Sentence under the authority of 22 O.S.1971 § 991b. On September 30, 1969, defendant entered a plea of guilty to the charge of Robbery with Firearms in the District Court of Caddo County, Case No. CRF–69–5, and was sentenced to ten (10) years imprisonment with the execution of the sentence suspended on the condition, among others, that defendant obey all laws.

On April 16, 1970, a Motion to Revoke defendant's suspended ·sentence was filed by the district attorney, alleging that defendant had violated the Laws of the State of Oklahoma; specifically, that he had furnished alcoholic beverages to three females under the age of twenty-one on April 8, 1970, in violation of 37 O.S.1970, § 537. The application to revoke came on for hearing in the District Court on May 12, 1970, with defendant present and represented by counsel. Upon hearing the evidence of the State and defendant, including the testimony of two witnesses on behalf of the State and eight witnesses on behalf of the defendant, the district court entered an Order dated May 19, 1970, revoking defendant's suspended sentence for the reason that he "failed to abide by the conditions of his suspended sentence in that he has violated the Laws of the State of Oklahoma."

At the hearing Janice Kadaeso, age 13, testified that on April 8, 1970, she arrived at a place called "Katy's" in Anadarko, Oklahoma, at approximately 7:00 P.M. in the company of Leatrice and Ruby Comanche. While there Miss Kadaeso testified that the defendant and another individual named Blue called her and Leatrice out to a car and gave them a cup containing vodka. According to Miss Kadaeso defendant had a bottle of vodka and mixed the vodka with 7-up.

Donna Jo Allison, age 14, testified that she saw the defendant on April 8, 1970, at "Katy's" while he was in the company of Miss Kadaeso and Leatrice and Blue. Miss Allison stated that she saw this group outside by a car where they had paper cups containing Sprite and Vodka. Miss Allison testified that later in the evening she went with this group to the "Pantry House" where Alvin went into the store and bought a six-pack of beer. Subsequently, Miss Allison testified that the group went to Chichasha Lake and drank the beer.

On behalf of the defendant, Burnis (Blue) Poteet testified that he was with the defendant on April 8th at "Katy's" when Leatrice and Ruby Comanche called them outside and asked if they wanted some liquor in a paper cup. According to Poteet, this offer was declined, and neither he or the defendant gave anyone any alcoholic beverages. Seven other witnesses testified as to defendant's character and good reputation.

■ It is defendant's first contention, citing In re Collyar, Okl.Cr., 476 P.2d 354 (1970), that the evidence at the Revocation Hearing was insufficient to support the finding that defendant had violated the terms of his suspended sentence. It is true that "at the revocation hearing, the state must offer competent evidence justifying the revocation; and the person—whose suspended sentence is being revoked—shall have the right to counsel and to present evidence in his own behalf; and shall have the right to be confronted by the witnesses appearing against him." In re Collyar, supra, 476 P.2d at 358. However, as we read the record, it is apparent that the district court had before it competent evidence which, if believed, was sufficient to justify the revocation. The testimony of Janice Kadaeso and Donna Jo Allison indicates that defendant furnished Miss Kadaeso, Ruby Comanche and Leatrice Comanche paper cups filled with a mix and vodka. The defendant argues that the testimony of these two witnesses is weak and somewhat inconsistent, particularly when compared to their testimony at the preliminary hearing. The inconsistency and weakness of the testimony of the two State Witnesses was amply brought out by defense counsel at the Revocation Hearing for the consideration of the court, and we must assume that the court considered such when it weighed the evidence. The credibility of witnesses and the weight and value to be given to their testimony are within the exclusive province of the trier of facts, and the trier of facts may believe the evidence of a single witness on a question and disbelieve several others testifying to the contrary. See: Keck v. State, Okl.Cr., 376 P.2d 525; Williams v. State, Okl.Cr., 452 P.2d 595. We therefore conclude that the district court had before it competent evidence sufficient to justify the revocation of defendant's suspended sentence.

■ Defendant makes the further contention that it was error for the witness Donna Jo Allison to testify concerning defendant's obtaining beer and drinking beer since the State's application to revoke the suspended sentence alleged only that defendant had furnished alcoholic beverages to three minor females. It is true that "when an application to revoke a suspended sentence is presented to the trial court, said application must state allegations sufficiently clear to advise the person of the reasons for seeking such revocation." In re Collyar, supra, 476 P.2d at 357. Notice sufficient to apprise the defendant of the grounds upon which revocation is sought is essential. Madden v. Faulkner, Okl.Cr., 450 P.2d 860. However, under the facts of the instant case we are of the opinion defendant had sufficient notice to answer the allegation, and that the State's evidence contained no prejudicial surprise, and that the challenged testimony was material and relevant.

The witness' testimony which mentioned the beer was merely a part of the entire story relevant to the charge that the defendant had furnished alcoholic beverages to minors. It was so interrelated as to be part of res gestae. The defendant was notified as to whom, when and where he allegedly furnished alcoholic beverages. In answering that charge it is apparent that the defendant was sufficiently notified to properly answer the testimony that he had also furnished beer during the same event.

■ Furthermore, even if the testimony of the witness concerning the obtaining of the beer was immaterial and irrelevant to the charge, it is apparent that if this testimony was excluded there was other testimony competent and sufficient to justify the revocation; and that the admission of

the testimony concerning the beer was not so prejudicial as to require a reversal.

Therefore, having considered the contentions of the defendant and finding them without merit, we conclude that the Order revoking the suspended sentence should be, and the same is hereby, affirmed.

BUSSEY, P. J., and SIMMS, J., concur.