**Clarence YOUNG, Petitioner,**

v.

**Ray PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–16142.**

Court of Criminal Appeals of Oklahoma.

April 5, 1972.

Thomas D. Frasier, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., Paul Ferguson, Dist. Atty., for respondent.

## OPINION

BRETT, Judge:

This is an original proceeding in which Clarence Young petitions this Court for a writ of habeas corpus, claiming that he is illegally confined to the state penitentiary. In substance, petitioner claims that his suspended sentence was revoked illegally.

On February 12, 1969, the petitioner, while represented by counsel, entered a plea of guilty to the charge of robbery with firearms in the District Court of Muskogee County, case number 11161, and was sentenced to a term of five years imprisonment with the "sentence suspended pending good behavior." Thereafter the District Attorney for Muskogee County filed an application to revoke the suspended sentence, alleging that the petitioner had been intoxicated in public, concealed stolen property, and associated with felons.

The hearing was held on the application to revoke on May 6, 1970, in the District Court of Muskogee County. The State called a Muskogee police officer who testified that on October 26, 1969, he had arrested the petitioner on a public drunk charge. The State also called Mr. Leister Walker who testified that his home had been broken into and that a sweeper, necklace-watch, and tie clasp, among other items, had been taken. Another Muskogee police officer testified that on April 17, 1970, pursuant to a search warrant, he searched the residence of the petitioner and recovered a sweeper, necklace-watch, and tie clasp. These three items found at the residence of the petitioner were identified by Mr. Walker as the items taken from his home.

The defendant and his wife both testified that the petitioner had no knowledge of the presence of the sweeper, tie clasp and necklace in his home. Petitioner's wife testified that she had purchased the sweeper from a door-to-door salesman and found the tie clasp and necklace inside the sweeper's packaging.

After hearing the evidence at the revocation hearing, the district court found that petitioner was drunk in public on October 26, 1969, and that the petitioner had been in possession of stolen property. The State dropped the third allegation that the petitioner had been guilty of association with felons. The district court thereupon concluded that the petitioner was not "keeping with good conduct under a suspended sentence," and revoked the suspended sentence, directing his imprisonment at the State Penitentiary for five years.

In substance the petitioner argues that his suspended sentence was revoked for conditions which were not specified at the time the court imposed the suspended sentence. In Madden v. Faulkner, Okl.Cr., 450 P.2d 860, this Court held that "It is in-

cumbent upon a judge suspending a sentence to specify the terms, if any, upon which such suspended sentence is conditioned, and a person on such suspended sentence must have notice and opportunity to refute allegations that such specified conditions have been violated before such person can be deprived of his liberty." Further, "the court cannot delegate to the Department of Corrections the specification of terms and conditions of a suspended sentence." In re Collyar, Okl.Cr., 476 P.2d 354, 355 (1970). Furthermore, "competent evidence must be presented to the court, at a hearing held for that purpose, before a person's suspended sentence can be revoked." 476 P.2d at 355.

■■■■ The court minutes reflect that the petitioner's five year sentence was "suspended pending good behavior." It is apparent that a violation of the law might be considered as something other than "good behavior." Both public intoxication and concealing stolen property are offenses in violation of the law of this State. It is not necessary that these charges be fully adjudicated before they can be employed as grounds to revoke a suspended sentence. See Carson v. State, Okl.Cr., 493 P.2d 1397 (1972).

We are of the opinion that the district court had before it competent evidence from which it could properly conclude that the petitioner had violated the condition of good behavior. Therefore, the judgment of the district court, revoking petitioner's suspended sentence, was lawful. The petition for writ of habeas corpus is accordingly denied.

BUSSEY, P. J., and SIMMS, J., concur.