**Roy Lee HANCOCK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17447.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1972.

George P. Walters, Broken Bow, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kay Karen Kennedy, Legal Intern, for appellee.

BUSSEY, Presiding Judge:

Appellant, Roy Lee Hancock, hereinafter referred to as defendant, entered a plea of guilty in the District Court of McCurtain County, Oklahoma, to the offense of Assault and Battery with a Dangerous Weapon, and received a five-year suspended sentence on November 4, 1969. Said suspended sentence was ordered revoked on November 16, 1971, and from said order of revocation, a timely appeal has been perfected to this Court.

Defendant asserts three propositions, all of which contain similar assertions that the judgment and sentence does not state any court-imposed conditions of the suspension but provides that it "shall be and is sus-

pended pursuant to the provisions of the Oklahoma Corrections Act of 1967 and pursuant to the rules of the Department of Corrections of the State of Oklahoma." Defendant cites In Re Collyar, Okl.Cr., 476 P.2d 354, wherein this Court held that the trial court cannot delegate its responsibility to set the terms and conditions of suspension to the Department of Corrections. In the instant case, the Attorney General has supplemented the record to include the minute of the trial Court which reflects that "for and during good behavior." The evidence at the revocation hearing adduced that the defendant entered pleas of guilty subsequent to receiving the suspended sentence to the offenses of Public Drunk and Breach of Peace. In Hayes v. State, Okl. Cr., 497 F.2d 1093, Judge Simms stated: " * * * [I]t is well-settled law in the State of Oklahoma that the conviction of a crime is contrary to a condition of 'good behavior' insofar as the condition of a suspended sentence is concerned. * * *"

The Order revoking the suspended sentence is accordingly affirmed.

SIMMS, and BRETT, JJ., concur.