**Donald Ray BETCHER, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. O–75–373.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1975.

Pete Silva, Jr., Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jim Patton, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Donald Ray Betcher, hereinafter referred to as defendant, upon pleas of guilty entered in the District Court, Tulsa County, Cases No. CRF–73–800 and CRF–73–1088, was convicted for the offenses of Maintaining a Dwelling Frequented by Users of Controlled Drugs and Unlawful Possession of a Controlled Drug. Pursuant to the convictions in said cases, the defendant was sentenced to a term of three (3) years' imprisonment for each conviction with same being suspended. Thereafter on the 22nd day of January, 1975, the District Attorney for Tulsa County filed in each said case an application to revoke suspended sentence alleging the defendant did not comply with the terms of his suspended sentence in that: (1) on or about the 30th day of April, 1974, the defendant did unlawfully, feloniously, wilfully, knowingly and intentionally possess lysergic acid diethylamide (LSD). Subsequently on the 14th day of April, 1975, pursuant to a hearing upon said applications to revoke suspended sentence, the District Court sustained the application to revoke suspended sentence in each said case and thereby revoked said suspended sentences. From an order revoking the suspended sentences in said cases, the defendant has perfected a timely appeal to this Court.

At the hearing on the application to revoke suspended sentences Charles Franklin Jackson testified he was a police officer for the City of Tulsa and was so employed on the 30th day of April, 1974. He testified that on that day he was assigned to the Narcotics Squad of the Detective Division and he executed a search warrant issued on 6713 South Lewis, Apartment 148, the defendant's residence. He stated that upon arrival with the other officers at the defendant's apartment, he observed Officer Don Bell knock on the apartment door. Thereafter, the door slightly opened and

the police announced their presence, and that they were there to serve a search warrant. He further testified that at that time he observed the door close, and after a short period of time Officer Bell pushed the door open, whereafter the officers entered the apartment. He stated that he observed the defendant standing in the room and another man, Mr. Van Pelt, shortly came running across the living room carrying a box containing a green leafy substance, which in his opinion was marihuana. He further stated that a subsequent search of the apartment revealed a small glass type smoking device which had a small cigarette butt burned in it with the similar green leafy substance. The search further revealed a small brown pill bottle also containing the green leafy substance. He also testified the search revealed a needle, syringe, a drinking glass containing water and a large spoon, and a bottle containing 20 small purple pills, State's Exhibit No. 1.

At this time it was stipulated to that if Ken Williamson, forensic chemist with the Tulsa Police Department, were called he would testify that the purple colored tablets contained LSD.

The defendant then took the stand to testify in his own behalf. He stated that on the day in question he was residing at 6713 South Lewis, apartment number 148. On that day, he stated, he opened the door pursuant to the officers' announcement and then closed it to unlatch the security chain, but before he could release the chain the door was broken down. He further stated that the first time he saw the purple pills was when they were put on the table by Officer Bell. Upon cross-examination he said that he and his wife had lived at the apartment for approximately two months and at one time he was aware that the LSD tablets were present in his kitchen cabinet. He stated that he did not take any steps to get rid of the pills because he did not want to touch them as he was not supposed to be around drugs pursuant to the rules of his probation. On the date in

question he stated he knew Mr. Van Pelt was a drug user, but he had no prior knowledge of the small glass type smoking device which was found by the officers.

■ Defendant's first assignment of error asserts the evidence is insufficient to support the revocation of the suspended sentences. With this contention we cannot agree. At the time the defendant entered his plea of guilty in said cases, the court informed him of the following term of his probation:

"2. I will not use or be in possession of intoxicants of any kind; nor use or be in possession of narcotic drugs. I will not visit places where intoxicants or drugs are unlawfully sold, dispensed or used. I understand that I am not to go into or loiter around beer taverns or pool halls."

The record reflects that the defendant read and agreed to the above rule and condition of his probation and such is sufficient to provide ample notice of the terms of defendant's suspended sentences. We find the evidence in the instant case is legally sufficient to establish by a preponderance of the evidence that condition number two of defendant's probation had been violated, thus warranting revocation. See, *Fain v. State*, Okl.Cr., 503 P.2d 254 (1972). Since the record establishes sufficient evidence upon which the trial court could reasonably find that defendant violated the terms of his suspended sentences, this Court will not invade the province of the trier of facts in its determination that a violation was present. Therefore, we find the defendant's first assignment of error to be without merit.

■ Defendant's second assignment of error asserts evidence was improperly admitted at the revocation hearing which tended to show other violations of probation rules which were not alleged in the Application to Revoke. The defendant urges that this introduction of evidence violated the notice guidelines set forth in *Brown v. State*, Okl.Cr., 494 P.2d 344

(1972) and *Knight v. State*, Okl.Cr., 506 P.2d 927 (1973).

We feel the record sufficiently shows that in revoking the defendant's suspended sentences the trial judge limited his consideration of the evidence to that evidence relating to the allegations set forth in the Application to Revoke. Thus, we reject the defendant's second assignment of error.

In conclusion we observe the record indicates the revocation hearing was conducted in compliance with the rules set forth in *In Re Collyar*, Okl.Cr., 476 P.2d 354 (1970), *Brooks v. State*, Okl.Cr., 484 P.2d 1333 (1971) and *Ziegler v. State*, Okl.Cr., 513 P.2d 321 (1973). Thus, the order revoking defendant's suspended sentence is *affirmed*.

BRETT, P. J., and BUSSEY, J., concur.