Jethro Jeremiah JOHNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-77-354.

Court of Criminal Appeals of Oklahoma.

Aug. 26, 1977.

John T. Elliott, Public Defender, John M. Stuart, Chief of Appellate Division, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Jethro Jeremiah Johnson, hereinafter referred to as defendant, appeals from an order of the District Court, Oklahoma County, revoking the defendant's suspended sentences in Cases Nos. CRF–75–3555 and CRF–75–3556, for the offenses of Concealing Stolen Property and Uttering a Forged Instrument, respectively. From

said order, the defendant has perfected a timely appeal.

Briefly stated, the evidence adduced at the hearing is as follows. The defendant, subsequent to the suspension of the sentences in question, had been given permission to move to California. While in California the defendant was charged with and pled nolo contendere to the offense of Receiving Stolen Property. Furthermore, the defendant admitted involvement with drugs while in California, and after becoming so involved, admitted failing to report to his probation officer in California. Finally, after his return to Oklahoma, the defendant failed to report to his Oklahoma probation officer.

■ The defendant's first assignment of error is that the District Court's order of revocation was based partially upon a condition improperly imposed at the time of the suspension of the sentences in question. The defendant contends that the condition requiring that "he report in writing to the Department of Corrections as directed by them" was an improper delegation of judicial power by the court because it gave the Department of Corrections the authority to designate the frequency and times of said reporting. This Court cannot agree with this contention. While a court in suspending a sentence cannot delegate the authority of imposing conditions of said suspended sentence to the Department of Corrections[1], 22 O.S.1971, § 991a expressly provides that, subject to conditions imposed by the court, the Department of Corrections is given supervisory powers over the defendant while on probation. This Court feels that the power to designate the frequency and times, etc., of reporting is merely a ministe-

rial function necessary for proper supervision subject to the condition of reporting set out by the court. Therefore, the defendant's first assignment of error is without merit.

■ The second and final assignment of error asserted by the defendant is that there was insufficient competent evidence from which the trial court could properly assess whether or not there had been a violation of the conditions of defendant's suspended sentence. In support of this assertion, the defendant contends that the State failed to present any competent evidence to show that the defendant was adequately and sufficiently informed of the terms and conditions of his probation. Again, this Court cannot agree. The summary of facts, setting out the conditions of the suspension in which the defendant affirmed that he understood the conditions, and which was signed by said defendant, is a matter of record and is clearly within the purview of judicial recognition by the District Court and this Court as well. In view of the evidence adduced at trial indicating that the defendant violated various conditions of his suspended sentence, we find that the trial court did not abuse its discretion by revoking said suspension. Defendant's second assignment of error is without merit.

For the above and foregoing reasons, the order of the District Court is *AFFIRMED*.

---

1. See, *In re Collyar*, Okl.Cr., 476 P.2d 354 (1970).