**Jimmie KETTERMAN Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 0-84-164.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1985.

Michael F. Stakes, Woodward, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellant, Jimmie Ketterman, pled guilty to the crime of Malicious Injury in the District Court of Harper County, Case No. CRM–83–78. The judge set punishment at one (1) year in the custody of the sheriff of Harper County, with the full term suspended subject to rules and conditions of probation. An Application to Revoke Suspended Sentence was filed on the basis of the appellant's alleged commission of the felony of Maiming. The trial court revoked the appellant's suspended sentence. We affirm the Order of Revocation.

The uncontroverted testimony is as follows: On November 5, 1983 the appellant and others were drinking beer at a location west of Buffalo, Oklahoma. The complaining witness, Greg Harper, testified that he saw the appellant push a woman against an automobile. Mr. Harper interceded and asked the appellant to stop. The appellant responded by grabbing Mr. Harper by the coat and threatening to "chew his ear off." Mr. Harper testified that he attempted to walk away but was tackled from behind by appellant. While the men wrestled on the ground, the appellant bit Mr. Harper's chin and finger; the former wound requiring twenty-three (23) stitches. Mr. Harper then drove himself to the hospital for treatment.

The attending physician testified that he had closed the laceration of Mr. Harper's chin with four (4) deep sutures and nineteen (19) simple sutures in the skin. The physician stated that the wound would

leave a two inch, semi-circular scar that would remain visible unless plastic surgery was performed. He further testified that in his professional opinion, the scar would be disfiguring. However, the physician also stated that the scar would not be visibly detectable from as close as five (5) feet away, nor would it physically impair Mr. Harper in any way.

## I.

In his first assignment of error appellant contends that the evidence produced at the revocation hearing failed to prove by a preponderance of the evidence that the appellant was guilty of the crime of maiming, in violation of 21 O.S. 1981, § 751. We agree. To be found guilty of the crime of maiming, one must inflict injury upon another which a) disfigures his personal appearance or b) disables any member or organ of his body, or c) seriously diminishes his physical vigor. 21 O.S. 1981, § 751. Maiming by disfigurement is defined in 21 O.S. 1981, § 755, as follows:

> To constitute maiming by disfigurement, the injury must be such as is calculated, after healing, to attract observation. A disfigurement which can only be discovered by close inspection does not constitute maiming.

Upon review of the record, testimony indicated that the scar is located under the chin and would be discoverable only upon close inspection. Therefore, it was error to revoke appellant's suspended sentence on this basis.

The State contends that the appellant was, nevertheless, in violation of rule 9 of the appellant's rules and conditions of his suspended sentence, in that the proof was sufficient that appellant has committed the offense of assault and battery. We agree. This Court held in *In re Collyar* 476 P.2d 354, 357–58 (Okl.Cr.1970) that:

> When an application to revoke a suspended sentence is presented to the trial court, said application must state allegations sufficiently clear to advise the person of the reasons for seeking such revocation, as being violations of the terms

and conditions of suspension; and the said application to revoke must be set down for hearing before the suspended sentence can be revoked.

In the instant case, rule 9 of the appellant's rules and conditions of suspended sentence was allegedly violated. This rule states that the appellant "will refrain from violation of any City, State or Federal law." Maiming was listed as the crime in violation of rule 9 on the application to revoke the suspended sentence. Assault and battery, however, is a lesser included offense of maiming, as stated in 21 O.S. 1981 § 758:

> Where it appears, upon a trial for maiming another person, that the person injured has, before the time of trial, so far recovered from the wound that he is no longer by it disfigured in personal appearance, or disabled in any member or organ of his body, or affected in physical vigor, no conviction for maiming shall be had; *but the accused may be convicted of assault and battery* with or without a special intent according to proof. [Emphasis added]

This statute gave the appellant adequate notice of any grounds of which the violation of rule 9 was based. Therefore, the requirements laid down in *In re Collyar, supra,* have been fulfilled. Furthermore, this Court stated in *McFarlin v. State,* 554 P.2d 56, 60 (Okl.Cr.1976) (overruled on other grounds), that:

> (T)he true test is not whether the defendant violated each and every element of formal complaint, but rather whether or not there is competent evidence in which the court could find that the defendant has violated the terms and conditions of his probation.

Upon review of the record, the evidence presented in the hearing was sufficient to prove by a preponderance of the evidence that the appellant was guilty of the lesser included offense of assault and battery in violation of rule 9 of his rules and conditions of his suspended sentence. The error committed by the trial court was, there-

fore, without prejudicial affect, and the order to Revoke appellant's suspended sentence was proper.

## II.

In his second and third assignments of error, respectively, the appellant asserts that the trial court erred in adding additional rules of probation and also in assessing court costs against the appellant. We need only note that no objections were made by the appellant to these assignments of error. Such failure constitutes a waiver, since error may not be raised for the first time on appeal. *Williams v. State*, 542 P.2d 554 (Okl.Cr.1975).

For the reasons set forth above, the Order Revoking the suspended sentence is hereby AFFIRMED.

BRETT and BUSSEY, JJ., concur in results.