Betty L. MADDEN, aka Betty L. Shook, Petitioner,

v.

Dave FAULKNER, Sheriff, Tulsa County; and Fred M. Mock, Judge of the Municipal Court of the City of Tulsa, Respondents.

No. A–15083.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Ed Parks, Tulsa, for petitioner.

Waldo F. Bales, Tulsa City Atty., Robert H. Tips, Asst. City Atty., for respondents.

PER CURIAM:

This is an original proceeding in which Betty L. Madden, aka Betty L. Shook, has petitioned this Court for a writ of habeas corpus seeking release from her present incarceration in the Tulsa County Jail under the authority of a judgment and sentence imposed by Tulsa Municipal Court by Honorable Fred M. Mock, Judge.

This cause was set for hearing before the Referee of this Court on January 29, 1969. As a result of said hearing, and from a review of the petition, the response

from the City Attorney of Tulsa, and exhibits attached thereto, it appears that on October 4, 1968, the petitioner in case No. 86737 in the Municipal Court of Tulsa entered a plea of guilty to the offense of lewdness, 21 O.S.1961, § 1029. The judgment and sentence imposed on petitioner's plea ordered that petitioner be imprisoned in the county jail in Tulsa County for a period of thirty days and to pay court cost in the sum of twenty-two dollars. It was further ordered that the Chief of Police of Tulsa transport the defendant to the county jail and that the Sheriff of Tulsa County keep the petitioner confined for a period of "30 days—Bal. of 335 Susp—."

On January 1, 1969, petitioner was arrested and charged in the Tulsa Municipal Criminal Court with public intoxication and carrying a concealed weapon. She was arraigned on January 2, 1969, on these charges and entered a plea of not guilty through her attorney, Ed Goodwin. At that time, Mr. Goodwin was instructed that a hearing on revocation of the suspended sentence petitioner received on October 4, 1968, would be heard on the following day, January 3, 1969.

On January 3, 1969, petitioner was present in open court and represented by counsel, Mr. Ed Parks, and requested a continuance on the basis that she had not been formally notified, had not received a copy of the application to revoke the suspended sentence until that day, that she desired the opportunity to summons people to testify at the revocation hearing, and that she needed time to confer with her counsel to present a defense to the allegations in the application to revoke the suspended sentence. The request for continuance was denied. The court then heard testimony from the arresting officer involving the January 1, 1969 incident, and heard evidence about petitioner's companion at the time of her arrest, Mr. James Madden; the court ruling that petitioner's associations were material to the revocation. At the end of said hearing, the Judge revoked petitioner's suspended sentence and ordered her con-

fined to the county jail for 335 days, apparently for her lack of good conduct.

It is petitioner's contention that the revocation hearing was improper and the order void, in that petitioner was not afforded sufficient time to answer the charge and that given an opportunity, petitioner would have been able to prove that she was the wife of her companion, James Madden. It is the contention of the Tulsa City Attorney that the matter of revocation of a suspended sentence rests in the discretion of the sentencing judge, and that he may summarily revoke such a suspended sentence if there is any evidence which tends to support revocation.

This Court held in the third paragraph of its syllabus in the case of In re Patton, Okl.Cr.App., 382 P.2d 28:

"If evidence tends to any degree to establish that a person released on suspended sentence has violated any law after release or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, order revoking suspended sentence should not be disturbed. 22 O.S.A. §§ 991–992."

22 O.S.1961, § 991, authorized the granting of a suspended judgment and sentence. 22 O.S.1961, § 992, subjected such a suspended sentence to certain conditions and provided that if it appears that such a person so released has been guilty of a violation of any law after his release, or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, that said person shall be returned to serve out the full term for which he was originally sentenced. The Oklahoma Legislature in passing the Corrections Act of 1967 repealed 22 O.S.1961, § 991 and § 992, and provided the alternatives before a court upon sentencing. O.S.L.1967, Ch. 261, § 20. (57 O.S.Supp.1967, § 520). In 1968 the Legislature removed this same section from the Corrections Act and designated that it be codified as Section 991a of Title 22. O.S.L.1968, Ch. 204, § 2 (22 O.S.Supp.

1968, § 991a). This section now provides as follows:

"Whenever a person is convicted of any crime, except when the death sentence is imposed, the court may:

(1) Suspend the imposition or execution of sentence with or without probation, or

(2) Place such convicted person on probation, or

(3) Impose a fine as provided by law for the offense, with or without probation or commitment, or

(4) Commit such person for confinement as provided for by law.

Subsections (1), (2), and (3) hereof shall not apply upon the third or subsequent conviction of a felony. Laws 1968, c. 204, § 1."

However, there is no successor statute to the repealed Section 992. Although the authorization for a judge to suspend the imposition of a sentence with or without probation has remained in the statutes, the Legislature has not, since May 8, 1967, provided any statutory conditions under which a suspended sentence may be revoked. Thus, this Court's holding in In re Patton, supra, is somewhat less than controlling in the instant case, since the quote above was expressly based upon a statute now repealed.

In the absence of statutory conditions for a suspended sentence or grounds upon which such a sentence may be revoked, it appears that a judge may suspend the imposition or execution of a sentence conditioned on certain conduct or terms. However, in the instant case, the *judgment and sentence did not condition the suspended sentence on specified terms.*

■■■ It is argued by the city attorney that the suspended sentence was conditioned on petitioner's good behavior. Such a condition is not reflected on the face of the judgment and sentence, nor, on specific inquiry, are there court minutes or a transcript of the proceedings at the time of sentencing which would reflect any conditions laid down by the judge. In short, we are unable to determine what, if any, terms or conditions were made a part of the imposition of the suspended sentence. If petitioner were furnished no guidelines for her conduct during her suspended sentence, it is difficult to see how she was put on notice as to what conduct might or might not be grounds for revoking her suspended sentence. It is possible that petitioner may have had the impression that she received a suspended sentence with no terms or conditions attached. In any event, since there are no statutory guidelines as to the grounds for revoking a suspended sentence, it is incumbent upon a judge suspending a sentence to specify the terms, if any, upon which such suspended sentence is conditioned. Further, a person on a such suspended sentence must have notice and opportunity to refute allegations that such specified conditions have been violated before they can be deprived of their liberty. Therefore, we find that under the facts present in this case that petitioner is entitled to a writ of habeas corpus, and the same is hereby granted, and the Sheriff of Tulsa County is hereby directed to release the petitioner, forthwith.

Writ of habeas corpus granted.

This application was assigned to the Referee, Mr. PENN LERBLANCE by the Presiding Judge of this Court. The foregoing findings of facts and conclusions of law were submitted by the Referee and approved and adopted by the Court.