Elwoodrow Wilson BROOKS,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16403.

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

**1334**

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge.

Elwoodrow Wilson Brooks, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Oklahoma County to the offense of Larceny of an Automobile, and received a four year suspended sentence on October 4, 1968, said suspended sentence was ordered revoked on July 8, 1970, and from said Order of Revocation, a timely appeal has been perfected to this Court.

The sole proposition before this Court contends that the judgment and sentence does not state any court-imposed conditions of the suspension, but provides that it "shall be and is suspended pursuant to the provisions of the Oklahoma Corrections Act of 1967, and pursuant to the rules of the Department of Corrections of the State of Oklahoma." The defendant cites In re Collyar, Okl.Cr., 476 P.2d 354, wherein this Court has two prime considerations: Had the defendant been adequately advised of the conditions of suspension by the Court, and had the defendant, in fact, violated the conditions of suspension? In that case there was no record made of the revocation hearing wherein this Court could ascertain that the defendant had, in fact, vio-

lated an infraction of the suspended sentence, if any such existed.

In the instant case the defendant's suspended sentence was ordered revoked after being found guilty of the crime of Assault with a Deadly Weapon with Intent to Kill, After Former Conviction of a Felony.[1] We are of the opinion that a condition of a suspended sentence that a person may not commit a felony, is so basic and fundamental that any reasonable person would be aware of such condition. To allow a defendant to escape revocation under such circumstances would be mockery of our whole system of criminal justice. The judgment and sentence is therefore

Affirmed.

NIX and BRETT, JJ., concur.

---

1. The conviction was affirmed by this Court on March 24, 1971, in 483 P.2d 740.