**Robert Wayne MYERS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15629.**

Court of Criminal Appeals of Oklahoma.

July 28, 1971.

Andrew Dalton, Public Defender, Bud Byars, Asst. Public Defender, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Robert Wayne Myers, hereinafter referred to as defendant, entered a plea of guilty to the offense of Forgery in the Second Degree in the District Court of Tulsa County, and was given a three-year suspended sentence, and from said order revoking the suspended sentence, an appeal has been perfected to this Court.

The Record reflects that the defendant with counsel knowingly and voluntarily entered a plea of guilty on January 6, 1969; after receiving a pre-sentence investigation, the trial court on January 20, 1969, pronounced a three-year suspended sentence with probation. Thereafter, on September 9, 1969, at the Revocation Hearing, evidence was introduced to reflect that defendant reported to a probation officer

on January 21, 1969, wherein the rules and regulations of parole were explained to the defendant. The probation officer testified that the defendant failed to make any additional report since the initial report on January 6, 1969.

The sole proposition asserts that the trial court did not specify the terms and conditions of probation for the defendant. Defendant cites the case of Madden v. Faulkner, Okl.Cr., 450 P.2d 860 (1969), in which this Court held that the duty of prescribing that the judgment and sentence did, in fact, set terms of defendant's suspended sentence. The judgment and sentence provided as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that this judgment and sentence shall be suspended so long as the said defendant shall comply with the following terms and conditions, to-wit:

(1) that said defendant shall not violate any law, but shall be a quiet, peaceful law-abiding citizen;

(2) that said defendant shall refrain from habitually associating with lewd or vicious persons;

(3) that said defendant shall not indulge in vicious habits; and it is ordered that the defendant shall be required to report to the Judge of this court as provided by law." (Original Record—#20)

We are of the opinion that the defendant, in failing to report to his probation officer, violated the last term of the suspended sentence, which stated, " * * * and it is ordered that the defendant shall be required to report to the Judge of this court as provided by law." Since the passage in 1967, of the Corrections Act (57 O.S., § 514), the Department of Corrections, Division of Probation and Parole, has a statutory duty to supervise persons undergoing suspended sentences, and as such, persons on suspended sentences make their report to a Judge through the Division of Probation and Parole. The Order revoking the suspended sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.