Walter Larry **THOMAS**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–15957.

Court of Criminal Appeals of Oklahoma.

July 28, 1971.

Don Anderson, Public Defender, Wayne Hagle, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack Pratt, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Walter Larry Thomas, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Oklahoma County to the offense of Unauthorized Use of a Motor Vehicle, on December 11, 1968, and received a five year suspended sentence. Said suspended sentence was ordered revoked on March 12, 1970, the basis being that defendant pleaded guilty in the District Court of Canadian County to Robbery by Force, and from said Order of Revocation, a timely appeal has been perfected to this Court.

The sole proposition before this Court contends that the judgment and sentence does not state any court-imposed condition of the suspension, but provides that it "shall be, and is, suspended pursuant to the provisions of the Oklahoma Corrections Act of 1967, and pursuant to the rules of the Department of Corrections of the State of Oklahoma."

The defendant relies on the case of In Re Collyar, Okl.Cr., 476 P.2d 354, wherein this Court had two prime considerations: (1) whether the defendant had been adequately advised of the conditions of suspension by the court, and (2) whether the defendant had, in fact, violated the conditions of suspension. In that case there was no record made of the Revocation Hearing wherein this Court could ascertain that the defendant had, in fact, violated an infraction of the suspended sentence, if any such existed. In the instant case, a record was made of the Revocation Hearing, and the record reflects that after hearing the evidence that the defendant entered a plea of guilty to the offense of Robbery by Force, the court ordered the suspended sentence revoked.

In a recent decision by this Court, Brooks v. State, Okl.Cr., 484 P.2d 1333, we stated:

"We are of the opinion that a condition of a suspended sentence that a person may not commit a felony, is so basic and fundamental that any reasonable person would be aware of such condition. To allow a defendant to escape revocation under such circumstances would be mockery of our whole system of criminal justice."

The order revoking suspended sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.