Clifton ANDERSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16256.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from a revocation of suspended sentence in the District Court of Oklahoma County, Oklahoma. On November 4, 1968, plaintiff in error, hereafter referred to as defendant, was convicted on a plea of guilty in case no. 34863, for the offense of Assault and Battery With a

Dangerous Weapon and was granted a four (4) year suspended sentence. The judgment and sentence form used by the Court was that which placed the conditions of suspension pursuant to the rules of the Oklahoma Department of Corrections, without listing specific conditions made by the Court.

Thereafter, on July 7, 1970, defendant was convicted for the offense of Carrying a Concealed Weapon, After Former Conviction of a Felony, for which he was sentenced to serve five (5) years in the State Penitentiary under the Department of Corrections. An application for revocation of suspended sentence was filed by the district attorney's office, premised upon the second conviction; and on July 28, 1970, defendant was granted a hearing on the application to revoke, while being represented by the Public Defender, Mr. Carol Womack. At the conclusion of that hearing, defendant's suspended sentence was revoked and he was committed to the State Penitentiary. From that revocation this appeal has been lodged, as provided by statute. The revocation is hereby affirmed.

In his brief, defendant asserts that the revocation of suspension should be vacated because no specific conditions of suspension were listed by the trial court; and in support of his contention, defendant cites In re Collyar, Okl.Cr., 476 P.2d 354 (1970). In Collyar, this Court held that it is the duty of the trial court to specify the conditions upon which the suspension is predicated, which duty may not be delegated to the Department of Corrections.

The Attorney General states, in his brief, the following proposition, which we believe to be entirely proper:

"Inherent conditions or terms in any suspended sentence are (1) that the defendant will not further violate any laws and (2) that he will remain within the jurisdiction of the sentencing court."

The Collyar decision, *supra,* did not discuss the inherent conditions which must of necessity exist. Some things must be un-derstood as being reasonable knowledge, otherwise the probationary procedures become meaningless. One of those common knowledge factors is as stated by the Attorney General as being among "Inherent Conditions," is that the person placed on probation will not violate the felony statutes. In support of this proposition the Attorney General cites Whitehead v. United States, 155 F.2d 460 (CA 6, 1946), wherein the following was stated at page 462:

"It is, however, universal practice, everywhere understood, that the minimum requirement for the continuance of judicial grace is that the defendant shall not, during the probationary period, again commit a felony. This, every defendant undoubtedly understands when seeking or accepting probation. Without such condition the very term 'probation' is meaningless, and the appellant does not contend that he was in any doubt as to it being a condition of the grant."

We believe the same is true in the instant case. Nowhere in the record does the defendant state that he did not understand that the commission of another felony would not jeopardize his conditions of parole, stated or unstated.

The Attorney General also cites Dillingham v. United States, 76 F.2d 35 (CA 5, 1935), and that portion of the decision which states the following, is pertinent to any condition of probation on suspended sentence:

" * * * One on probation is not at large, nor at liberty, except within the circumscribed limits permitted by his probation. He is in law and in fact in the custody and under the control of the court of his probation."

■ Notwithstanding the conditions specified on the judgment and sentence in the instant case, wherein such conditions made reference to the rules of the Department of Correction, we herein hold that any suspended sentence imposed, by the trial courts of this State, contains the inherent condition that the person placed on sus-

pended sentence shall not commit any felony during the period of his suspension; and in the event the person on probation on a suspended sentence is convicted for the commission of a felony during his period of suspension, such conviction shall warrant the revocation of his suspended sentence.

We point out that the instant case is further distinguishable from In re Collyar, *supra,* in that Collyar was charged with having violated his conditions of suspension, because of an alleged association with convicts and disreputable persons; whereas, defendant in the instant case was clearly charged with a subsequent conviction, which was proved by competent evidence.

We are therefore of the opinion that the revocation of suspended sentence in District Court of Oklahoma County case number 24863, was properly accomplished; and that the district court's action therein should be, and the same is, affirmed. Judgment and sentence affirmed.

BUSSEY, P. J. and NIX, J., concur.