to serve that purpose was a question for the jury to resolve. The jury, no doubt, chose to accept the testimony of Larry Reeves. "In prosecutions for larceny, robbery, and burglary, an accomplice may be corroborated by proof of the possession of the stolen property by the defendant charged with the crime." Harrell v. State, Okl.Cr., 381 P.2d 164 at page 166 (1963), at page 381. See also Eaton v. State, Okl.Cr., 404 P.2d 50 (1965).

We are therefore of the opinion, after considering the record in its entirety, the court's instructions, and the evidence offered, that the judgment and sentence imposed in this case should be, and the same is hereby affirmed.

BUSSEY, P. J., concurs.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Jimmie Carl Robinson, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Oklahoma County, Oklahoma, to the offense of Unauthorized Use of a Vehicle on October 28, 1970 and received a five-year suspended sentence. Said suspension was ordered revoked on April 13, 1972.

Evidence at the revocation hearing reflected that the defendant entered pleas of guilty in the District Court of Canadian County on February 28, 1972 to the offenses of Forgery in the Second Degree and Resisting an Officer. Defendant's attorney candidly admits that the "revocation would appear to be within the court's discretion, upon the authority of Brooks v. State, Okl. Cr., 484 P.2d 1333."

The Order revoking defendant's suspended sentence in Case No. CRF–70–2623 is accordingly affirmed.

BRETT, J., concurs.

**Jimmie Carl ROBINSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17815.**

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1972.

