Garnie Eugene KNIGHT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16809.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1973.

Don Hamilton, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, Case No. 27451, the appellant, Garnie Eugene Knight, hereinafter referred to as defendant, on February 9, 1962, entered a plea of Guilty and received a ten (10) year suspended sentence for the offense of Attempted Armed Robbery. On May 26, 1969, an Application to Revoke was filed and on the 24th of July, 1969, the trial court entered an Order revoking the suspension. In an Order dated February 2, 1971, post-conviction relief was denied by the trial court followed by this Court's Order of February 8, 1971, directing the trial court to conduct an evidentiary hearing on the defendant's application for post-conviction relief. Shortly following the filing of a Writ of Habeas Corpus in this Court, the trial court conducted an evidentiary hearing in compliance with this Court's Order of February 8. At the conclusion of that hearing, the trial court again denied post-conviction relief. From that Order of denial, the defendant has perfected a timely appeal to this Court.

At the hearing on the revocation application, Jim Blasdel, manager of the Crown Motel, Norman, Oklahoma, testified on the 5th of May, 1969, he admitted the defendant and a companion to room number nine of the motel. Later that evening, he received a call from the motel office informing him a silent alarm attached to the color television set in the defendant's room indicated the set was being disturbed. Upon arrival at the motel, he stopped, on the premises, an automobile driven by Donald Beene. The defendant was in the vehicle and noticeably under the influence of intoxicants. Blasdel proceeded to room number nine and found the television set removed. He returned to the car, at his request the trunk to the vehicle was opened, and the television set from room number nine was exposed. Immediately thereafter, Beene fled from Blasdel and the defendant "fell in a mud puddle and just stayed there." (Tr. 13–A)

Officer Don Acock of the Oklahoma City Police Department testified that he was dispatched to the above mentioned motel to handle a burglary in progress. He testified that when he arrived the defendant was "on the south side of the court yard, at the Crown Motel on the north side of the vehicle on the ground, lying face down." (Tr. 15) In the trunk of the vehicle, parked approximately six feet from where the defendant was lying, was an RCA color television. Further, he testified he arrested the defendant's companion, Beene, in the garage of room number nine of this motel.

The defendant testified that he attended school up to the ninth grade. Because of his educational deficiency, his wife, prior to their 1966 divorce, filled out and sent in all reports. Following his divorce, he stated his sister prepared these reports for him. Further, he stated he was with Beene because he was his cousin. He admitted being intoxicated on this evening but denied having any involvement in the larceny of the television set.

In the defendant's first and only proposition he assigns as error the court's denial of post-conviction relief requesting a vacation of the Order revoking the defendant's suspended sentence. Through argument and authority, counsel's assignments of error generally fall into three categories. The first assignment generally asserts the application for revocation to be uncertain, not providing sufficient notice of the basis for the revocation. Second, the defense contends that the evidence received at the revocation hearing was not legally sufficient to base the revocation of a suspended sentence. Third, that adequate notice of the terms of suspension is not provided in the judgment and sentence.

■ Counsel submits the case of In re Collyar, Okl.Cr., 476 P.2d 354 (1970), suggesting by its language that the application for revocation in the instant case, only stating as a grounds for revoking the suspended sentence, that "the defendant has violated the terms of his suspended sentence," was not definite language providing proper notice to the defendant of the grounds for revocation of suspension. (Or. 7) At page 357 of *Collyar, supra,* our construction of the language is that the application for a suspended sentence must allege facts which are ground for a revocation of the defendant's suspended sentence and these facts must be stated with such clarity that the defense is able to determine what reason is being submitted as ground for this revocation, enabling preparation of a defense to the allegation.

In a study of *Collyar, supra,* we note that at no point in the decision was there a comment upon the sufficiency of the application for revocation in the determination of the issues in that case. *Collyar* had two questions before it; had the defendant been adequately advised of his conditions of suspension by the court, and had the de-

fendant, in fact, violated the conditions of suspension. Brooks v. State, Okl.Cr., 484 P.2d 1333 (1971). Therefore, that portion reciting standards regarding the sufficiency of the application in *Collyar* is dicta. It was not applied to the issues in *Collyar* and for that reason is in the form of judicial legislation and only a prospective declaration of this Court's policy in regard to the sufficiency of the application for revocation in subsequent revocation proceedings. We find that *Collyar* is prospective and not retroactive. Therefore, the application for revocation and hearing upon that application, dated July 24, 1969, occurred prior to the *Collyar* decision, April 1, 1970, and *Collyar* is not to be applied in the resolution of this issue to the instant case.

■ In the case Wrone v. Page, Okl. Cr., 481 P.2d 479 (1971) this Court held that the statute in effect at the time a suspended sentence is revoked will be applied when a revocation is attacked. Title 22 O.S.1961, § 991b was enacted by the 32nd Legislature. This Act, proscribing formalities for suspended sentence revocations did not include an emergency clause. The 32nd Legislature adjourned April 29, 1969. Therefore, this procedural statute was not in effect as law at the time of the revocation hearing, July 24, 1969, as this Act did not gain effect until ninety (90) days following adjournment. Therefore, at the time of the hearing on the petitioner's revocation, the applicable law of this state was set forth in Ex part Swain, 88 Okl.Cr. 235, 202 P.2d 223 (1949), which held the revocation of a suspended sentence is a matter addressed to the discretion of the trial judge, and any hearing connected therewith would be of a summary informal character.

■ Noting the defendant at this revocation hearing was represented by counsel and that counsel did not demur to the application as being indefinite nor did he move for the application to be made more definite and certain, we find, under the standards applicable to this case, the de-

fense waived his objection to the indefinite character if the application and the trial court did not abuse its discretion in revoking the suspension upon the application before it as few specific guidelines on such hearings were in effect at the time this hearing was conducted.

■ Counsel further argues, in substance, that the judgment and sentence in the case at bar did not provide sufficient notice to sustain ground for revocation of this sentence. In support of his argument, he submits Madden v. Faulkner, Okl.Cr., 450 P.2d 860 (1969). In the *Madden* case, habeas corpus was granted where a suspended sentence was revoked for the defendant's failure to comply with the terms of the sentence. No terms of suspension were incorporated in judgment and sentence. The terms of suspension imposed by statute were ineffective as this statute, 22 O.S.1961, § 992, had been repealed at the time of the hearing. The Court held there was not adequate notice of the terms of suspension to provide grounds for revocation.

In the instant case, as distinguished from the above authority, the court did impose conditions on the suspension. Quoting from the judgment and sentence, the conditions read as follows:

"It Is Further Ordered, Adjudged and Decreed by the Court that this judgment and sentence shall be suspended so long as the said defendant shall comply with the following terms and conditions, to-wit: (1) that said defendant shall not violate any law, but shall be a quiet, peaceful and law-abiding citizen; (2) that said defendant shall refrain from habitually associating with lewd or vicious persons; (3) that said defendant shall not indulge in vicious habits; and it is ordered that the defendant shall be required to report to the Judge of this court as provided by law." (Or. 4)

Although under recent authority failure to report alone, in the above situation, would be questionable as the sole grounds for revocation, the judgment and sentence ade-

quately provides notice that the defendant is required to be a law-abiding citizen to maintain suspension. There is no ground for prohibiting this revocation for lack of notice.

■■ In support of counsel's argument regarding the evidence being insufficient to sustain a revocation, he submits Hole v. State, Okl.Cr., 486 P.2d 645 (1971). In this authority, the only evidence presented at the revocation hearing was a judgment and sentence on a conviction during a period the defendant was on probation for a prior offense. Subsequently, the conviction, the subject of the judgment and sentence admitted at the revocation proceeding, was reversed. The Court held the revocation being solely predicated upon the conviction, the judgment and sentence in evidence, and that conviction being reversed, the Order revoking the suspended sentence should be vacated as that order is not supported by the evidence. The instant case is clearly distinguishable from the above authority. A full hearing was conducted with the court receiving evidence surrounding two offenses, public intoxication and larceny. This evidence was sufficient to sustain the court's ruling that the defendant had violated a law. It makes no difference that the subsequent offenses were not prosecuted to a conviction. The evidence of intoxication alone was sufficient ground for revocation of the sentence. See Carson v. State, Okl.Cr., 493 P.2d 1397 (1972).

We, therefore, find that the revocation of the defendant's suspended sentence is supported by the evidence. The judgment and sentence provided sufficient notice of the terms and conditions of the suspended sentence, and the trial court did not abuse its discretion in conducting the proceedings and revoking the defendant's sentence upon the circumstances therein contained. Therefore, the District Court's Order Denying Post Conviction Relief is hereby affirmed.

BUSSEY and BRETT, JJ., concur.