Keith Anthony **BENSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

Nos. O–73–62, O–73–63.

Court of Criminal Appeals of Oklahoma.

June 20, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Keith Anthony Benson, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Oklahoma County, to the offenses of Forgery in the Second Degree and Uttering a Forged Instrument Cases Nos. 33633 and 33664, and received two five (5) year suspended sentences to run concurrently on December 13, 1967. Said suspended sentences were ordered revoked on November 30, 1972, and from said order of revocation, a timely appeal has been perfected to this Court.

The sole question to be answered by this Court is did the trial court err in revoking the defendant's suspended sentences.

The record reveals that the defendant entered a plea of guilty in the District Court of Tulsa County, Oklahoma, Case No. CRF–72–918, for the offense of Uttering a Forged Instrument and received a seven (7) year sentence on June 29, 1972. Thereafter, on November 30, 1972, the trial court ordered the defendant's suspended sentences revoked, finding that the defendant had violated the terms of his suspended sentence in that he had committed the crime of Uttering a Forged Instrument.

In the case of Brooks v. State, Okl.Cr., 484 P.2d 1333, this Court stated at page 1334 of the opinion:

"We are of the opinion that a condition of a suspended sentence that a person may not commit a felony, is so basic and fundamental that any reasonable person would be aware of such condition. To allow a defendant to escape revocation under such circumstances would be mockery of our whole system of criminal justice."

We, therefore, find no error in the trial court's revoking the defendant's suspended sentences.

Judgments and sentences affirmed.

BUSSEY and BRETT, JJ., concur.