Ronald L. VIRGIN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18083.

Court of Criminal Appeals of Oklahoma.

July 31, 1973.

James E. Gotcher, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Ronald L. Virgin, hereinafter referred to as defendant, has appealed from a revocation of suspended sentence in the District Court of Pittsburg County. On February 26, 1970, the defendant entered a plea of guilty to the offense of Assault with a Dangerous Weapon, Case No. F-69-164, and was assessed punishment of a term of one (1) year in the county jail with said sentence being suspended.

Briefly stated the State presented evidence that the defendant failed to make six (6) monthly probation reports to the Probation Office and that the Probation Office was unable to locate the defendant after November 16, 1970.

The State further presented as a witness Donald Hackler, a former associate district judge, who testified that on February 26, 1970, he imposed a one (1) year suspended sentence upon the defendant after the defendant's plea of guilty. Hackler testified that it was his custom to read to each defendant the conditions of such suspended sentence and that they were considered a part of the judgment and sentence. Two of the conditions the judge imposed were that the defendant not leave the State without the consent of the sentencing judge and that he make reports to the Department of Probation and Parole. Hackler further testified that he was unable to state from his memory whether or not he had read these conditions to the defendant or not.

The defendant's sole proposition of error asserts that the trial court erred in entering its order revoking the suspended sentence imposed upon the defendant.

It is defendant's argument that his sentence was suspended without conditions. For authority defendant cites the case of In re Collyar, Okl.Cr., 476 P.2d 354 (1970) wherein this Court held:

"The judge suspending a sentence shall specify the terms, if any, upon which such suspended sentence is conditioned; and responsibility for specifying such terms may not be delegated.

"The court cannot delegate to the Department of Corrections the specification of terms and conditions of a suspended sentence."

The State argues, and the trial court so found, that Collyar, supra, does not apply to this case as that decision was prospective only and not retroactive. In the case of Knight v. State, Okl.Cr., 506 P.2d 927 (1973) this Court stated at page 930 of the opinion:

"We find that Collyar is prospective and not retroactive. Therefore, the application for revocation and hearing upon that application, dated July 24, 1969, occurred prior to the Collyar decision, April 1, 1970, and Collyar is not to be applied in the resolution of this issue to the instant case."

It therefore appears that Knight, supra, held that Collyar was not retroactive, but the language in Knight seems to indicate that the date of the application for revocation and the date of the hearing upon that application is the date that determines whether or not Collyar applies to a

given case and not the date that the sentence was entered as contended by the State. The record in the instant case reveals that the State filed an application to revoke on November 20, 1970, and the hearing was held on November 27, 1972, both dates being after the *Collyar* decision. It is therefore our opinion that *Collyar* would apply in the instant case.

In the instant case the record reveals that the judgment and sentence does not specify any conditions of probation. The trial court's minute entered on February 26, 1970, reflects the following:

" . . . The Judgment & Sentence of the court is that the Deft is guilty of the crime of Assault & Battery With a Deadly Weapon; that his plea of guilty is Voluntary and upon recommendation of the Dist. Atty. is hereby sentenced to serve a term of one year in the County Jail of Pittsburg County, same to be suspended upon good behavior in compliance with the rules of the Dept. of Correction under the supervision of said Dept., all per order of the court."

However, on the face of the formal judgment and sentence and as a part thereof are these words: "Judgment and sentence suspended upon good behavior and payment of costs in the amount of $27.00 within 30 days from this date."

The record does reveal that the trial court signed an instrument which sets out certain conditions of probation, one of which was that the defendant make reports to the Department of Probation, this being the basis of the trial court's revocation of the defendant's suspended sentence. Witness Hackler, sentencing judge, testified that it was his custom to read the document, which sets forth the terms and conditions of the suspended sentence, to all defendants that receive a suspended sentence and then make this document a part of the judgment and sentence. Witness Hackler further testified that he could not say whether or not he read the document containing the conditions of the suspended sentence to the defendant in the instant case. Further, it does not appear that this instrument setting forth the terms and conditions of the defendant's suspended sentence was ever filed with the clerk's office and made a part of the judgment and sentence. Therefore, the record being silent as to whether or not the trial judge specified as part of his judgment and sentence that the defendant make written reports to the Department of Probation, we are of the opinion that under the ruling in the *Collyar* decision that the district court order revoking suspended sentence, should be vacated, set aside and held for naught, and the State's application to revoke suspended sentence should be dismissed.

Reversed and remanded with instructions.

BUSSEY and BRETT, JJ., concur.