Joey Ross JONES, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17922.

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1973.

Patricia H. Kerr, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, Case No. CRF–69–308, appellant, Joey Ross Jones, Jr., hereinafter referred to as defendant, was convicted upon his plea of guilty for the offense of Embezzlement of Funds by a Trustee. Defendant was sentenced to a term of five (5) years imprisonment, suspended, on February 24, 1969.

On October 30, 1969, application was made by the Oklahoma County District Attorney to revoke defendant's suspended sentence. On December 30, 1970, the application to revoke was dismissed on the grounds of insufficient notice of terms and conditions of suspension. Madden v. Faulkner, Okl.Cr., 450 P.2d 860 (1969). On August 31, 1971, a second application to revoke the above suspended sentence was filed by the Oklahoma County District Attorney. That application alleged that in the State of Wyoming during July 1971, defendant committed the offenses of Interstate Transportation of a Stolen Motor Vehicle; Carrying Firearms During the Commission of a Felony; and, Attempted Escape. On September 7, 1972, defendant, while represented by counsel, entered a plea of guilty to the alleged acts in the second application to revoke and confessed revocation of his suspended sentence.

In defense counsel's first proposition it is argued defendant was not given sufficient notice of his terms and conditions of suspension of his sentence as required under authority of Madden, supra, and In re Collyar, Okl.Cr., 476 P.2d 354 (1971). The application to revoke in the instant revocation proceedings alleged three federal violations, with legally sufficient particularity as required by In re Collyar, supra. In the case of Brooks v. State, Okl.Cr., 484 P.2d 1333 (1971), this Court stated as follows:

"We are of the opinion that a condition of a suspended sentence that a person may not commit a felony, is so basic and fundamental that any reasonable person would be aware of such condition. To allow a defendant to escape revocation under such circumstances would be mockery of our whole system of criminal justice."

Consequently, the judgment and sentence was not required to include a condition that defendant not commit a felony. As noted in Brooks, supra, defendant is charged with notice that he may not commit such a violation. Considering defendant confessed to the above violations at his revocation hearing, it is this Court's opinion that the court did not err in revoking defendant's suspended sentence on the basis of those violations.

Defense counsel submits in her second proposition defendant was deprived of effective assistance of counsel at his revocation hearing as he did not receive sufficient counseling prior to confessing revocation. With this contention we cannot agree. Considering a study of the record before us, it is this Court's opinion that no due process violations inured to the prejudice of defendant in the manner in which counsel represented defendant at the revocation hearing.

The District Court's order revoking defendant's suspended sentence is hereby affirmed.

BRETT, and BUSSEY, JJ., concur.