Michael Edward SAGE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O–75–563.

Court of Criminal Appeals of Oklahoma.

March 4, 1976.

Robert F. Brandenburg, Jr., Norman, Court-Appointed, for appellant.

Larry Derryberry, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., Harold T. Garvin, Jr., Legal Intern, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Appellant, Michael Edward Sage, hereinafter referred to as defendant, entered a plea of guilty in the District Court, Cleveland County, Case No. CRF–74–705, to the offense of Burglary of an Automobile, in violation of 21 O.S.1971, § 1435, on December 23, 1974, and was thereupon sentenced to imprisonment for a term of two (2) years, which sentence was suspended upon probation. A hearing upon an Application to Revoke the Suspended Sentence for violation of the conditions thereof was conducted before the court on April 4, 1975, and thereupon granted. From the revocation order of the trial court, the defendant has perfected a timely appeal to this Court.

Briefly stated, the evidence adduced at the hearing upon the aforesaid application established that at about 1:00 a. m. on January 3, 1975, Irving Abraham Malatzky was beaten and robbed by two men while operating a taxi for the Yellow Cab Company in Oklahoma City. In self-defense he shot the two men and then jumped from the cab and the two men drove away in that vehicle. He was not able to make a positive identification of the defendant as one of the two men, but made a "tentative identification" of the defendant and testified that he was of the same general physical appearance as the man he shot in the abdomen. [Tr. 37 & 47]

Detective Bill Harrison, of the Oklahoma City Police Department, investigated the robbery and was permitted to testify without objection as to the results of his investigation. A short distance from where Malatzky last saw the taxi cab, the vehicle struck a power pole throwing both the defendant and another man, later identified as David Holland, from the car. Holland got back into the vehicle and was driving away when someone passing by observed the defendant lying in the street with massive head injuries sustained in the accident. The individual observing the incident reported what he thought to be a "hit-and-run accident" and Holland was apprehended by another officer a short distance away. [Tr. 53] Defendant and Holland were taken to a hospital emergency

room in critical condition and were not then expected to live. Both defendant and Holland had been shot, and Detective Harrison testified that the gunshot wound to defendant's abdomen appeared to have been made by a *.22* caliber pistol. Defendant did not testify nor offer any evidence to refute the foregoing.

 In his brief defendant first argues that the trial court failed to adequately delineate the conditions upon which his sentence was suspended and in support thereof cites *In re Collyar*, Okl.Cr., 476 P.2d 354 (1970) and *Madden v. Faulkner*, Okl.Cr., 450 P.2d 860 (1969). The State has responded with a Motion to Supplement the Record with a partial transcript of the proceedings upon plea of guilty and judgment and sentencing, and pursuant to Rule 1.14, 22 O.S.Supp.1975, chp. 18, App., that Motion is hereby granted. In most pertinent part, that transcript reveals the following proceedings:

"BY THE COURT: Continuing in the matter of THE STATE OF OKLAHOMA versus MICHAEL EDWARD SAGE.

Mr. Sage, have you had a chance at this time now to consult the Rules and Conditions of Probation?

"BY THE WITNESS: Yes, sir.

"BY THE COURT: Are you familiar with those?

"BY THE WITNESS: Yes, sir.

"BY THE COURT: Do you know what Probation is?

"BY THE WITNESS: Yes, sir, I do.

"BY THE COURT: Can you explain to me generally what it is?

"BY THE WITNESS: Well, it's a condition that I'm put on. I have to submit my reports and I have to abide by the laws, and just generally stay out of trouble for a period of two years. Otherwise, I could be—my Probation could be revoked and they could bring me back to Court and give me time for it." [Tr. 56 & 57]

* * * * * *

"BY THE COURT: Do you know that you can't drink any alcohol or take any non-prescribed drugs or visit any places where alcohol and drugs are sold?

"BY THE WITNESS: Yes." [Tr. 58]

* * * * * *

"BY THE COURT: Do you know that you're going to have to be careful about who you associate with?

"BY WITH WITNESS: Yes, sir.

"BY THE COURT: That you can't associate with other persons that are on parole or probation or ex-convicts or inmates of any Institution or any kind, any penal institution?

"BY THE WITNESS: Yes." [Tr. 59]

"BY THE COURT: And do you understand that you will remain on Probation for the period of time that the Sentence is, or until you are pardoned by the Governor, or until, if revoked by the Court, on a Motion by the State of Oklahoma for some good reason?

"BY THE WITNESS: Yes." [Tr. 59 & 60]

* * * * * *

"BY THE COURT: And, if you violate any of the terms that we've discussed, violate any laws, that your Suspended Sentence could be revoked, and it's not that you'd be doing the remainder of that time, you'd be starting at the beginning.

"BY THE WITNESS: Yes." [Tr. 60]

Therefore, although the judgment and sentence in this case did not condition the suspended sentence on specified terms, the record does otherwise reflect that defendant was adequately informed of the conditions upon which the subject application for revocation was predicated. The cases cited by defendant are upon this basis readily distinguishable. In any event, we have previously held that a defendant is charged with notice that the suspension of his sentence may be revoked for the commission of a felony. In *Brooks v. State*,

Okl.Cr., 484 P.2d 1333, 1334 (1971), this Court stated:

". . . We are of the opinion that a condition of a suspended sentence that a person may not commit a felony, is so basic and fundamental that any reasonable person would be aware of such condition. To allow a defendant to escape revocation under such circumstances would be mockery of our whole system of criminal justice. . . ."

Also see, *Garroutte v. State*, Okl.Cr., 492 P.2d 348 (1971) and *Jones v. State*, Okl.Cr., 514 P.2d 428 (1973). We therefore hold this proposition to be without merit.

█ Defendant also presents some argument that his Demurrer to the Application for Revocation should have been sustained. In argument before the trial court the defendant cited *Knight v. State*, Okl.Cr., 506 P.2d 927 (1973), wherein we recognized that an application for revocation of a suspended sentence must allege facts establishing grounds for revocation in such clarity that the defense is able to determine the basis upon which revocation is sought and able to prepare a defense to the allegation. In most pertinent part, the body of the subject application for revocation alleges:

"That the said MICHAEL EDWARD SAGE violated the terms of said Suspended Sentence in that on the 3rd day of January, 1975, the said Defendant was arrested by the Oklahoma City Police Department for ARMED ROBBERY and the said defendant has been found to be intoxicated several times by the counseling staff of the Federal Halfway House, Oklahoma City, Oklahoma, and said defendant was in the company of one David Holland, a convicted felon (Oklahoma State Penitentiary Number 85081), in direct contravention of his terms of probation." [O.R. 33]

We would agree that the application should have alleged the actual commission of the offense of robbery with greater particularity. However, the trial court hearing the Demurrer to the Application for Revocation was presented with the foregoing transcript of proceedings upon plea of guilty and judgment and sentencing, and the application was otherwise sufficient to withstand demurrer in alleging violation of the conditions that defendant not become intoxicated nor associate with convicted felons. Additionally, defendant then announced ready and evidence regarding his commission of the offense of robbery was admitted without objection. Defendant did not then interpose a motion for continuance claiming surprise and establishing what proof he could offer to rebut that introduced by the State. Although the Application for Revocation was ultimately sustained upon the sole basis that the defendant had committed the offense of robbery [O.R. 43, and Tr. 73 & 75], the record fails to establish that defendant preserved any error in this regard for review or was in any manner prejudiced by the introduction of such evidence. We are therefore of the opinion that this proposition is also without merit.

█ Defendant further contends that the evidence was legally insufficient to support revocation of his suspended sentence. We need only observe that the evidence clearly established that the offense of robbery was committed, and that one of the assailants resembled the defendant and was shot by the victim in the abdomen. Additional evidence that the defendant was shortly thereafter found nearby with a bullet wound to the abdomen was sufficient to support the finding of the trial court. The violation of the conditions of a suspended sentence need only be shown by a preponderance of the evidence, and upon compliance with statutory requirements and considerations of fundamental fairness the decision to revoke suspension lies within the sound discretion of the trial court. See, *Fain v. State*, Okl.Cr., 503 P.2d 254 (1972) and *Phipps v. State*, Okl.Cr., 529 P.2d 998 (1974).

█ Without submitting argument or authority, defendant contends that the trial

court erred in overruling his Motion for Continuance eight days prior to the revocation hearing and in refusing to order a pre-sentence investigation upon completion of that hearing. We have repeatedly held that error must not only be asserted but also supported by both argument and the citation of authority, and where this is not done and the defendant has been deprived of no fundamental right this Court will not search the books for authority to support the mere assertion that the trial court erred. See, *Sandefur v. State*, Okl.Cr., 461 P.2d 954 (1969).

For the above and foregoing reasons, the Order of the trial court revoking defendant's suspended sentence is, accordingly, *AFFIRMED*.

BRETT, P. J., concurs in Results.

BLISS, J., concurs.