**Joel POINDEXTER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O-78-23.**

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1978.

Franklin A. Day, Sallisaw, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Charles S. Rogers, Legal Intern, for appellee.

### OPINION

BUSSEY, Presiding Judge:

Appellant, Joel Poindexter, hereinafter referred to as defendant was charged in the District Court, Sequoyah County, Case No. CFR-75-162, for the offense of Assault With a Dangerous Weapon. Upon a plea of guilty entered on January 20, 1977, the Court assessed a four (4) year sentence and suspended said sentence upon defendant's good behavior. On March 7, 1977, an application to revoke the suspended sentence was filed by the District Attorney. A show cause hearing was held on May 2, 1977, and the final hearing was set for May 4, 1977, at which time defendant failed to appear. A bench warrant was issued for the defendant's arrest. Defendant was arrested in South Dakota and returned by his bondsman to Sequoyah County. A hearing was had on July 18, 1977, and the trial court ordered defendant's suspended sentence revoked. From said Order of Revocation an appeal has been perfected to this Court.

At the Revocation hearing, Carl Mize testified that he was employed as an officer with the Muldrow, Oklahoma Police Department; and that on the evening of March 4, 1977, he assisted another officer in the arrest of the defendant. Defendant was driving very recklessly going from one side of the road to another. Upon stopping his vehicle, defendant was belligerent and had to be forceably restrained. He testified that in his opinion the defendant was drunk.

He further testified that he had an occasion to return to the jail several hours after defendant's arrest. Smoke was coming

from the cell which was occupied by the defendant and another prisoner. Defendant refused to come out of the cell and cursed the officer.

Jim Lowder testified that he was employed as Chief of Police at Muldrow; and that in the early morning hours of March 5, 1977, he was called by the dispatcher to the city jail. He observed smoke coming from a cell occupied by the defendant and another subject. Defendant was very belligerent and had to be forceably removed.

Jim Young testified that he was defendant's probation officer; and that defendant "absconded from supervision," in violation of the rules and conditions of parole.

Defendant asserts as his sole assignment of error that the trial court erred by hearing evidence and revoking his suspended sentence upon grounds other than stated in the application for revocation. The record reflects that the trial court revoked the suspended sentence for two reasons: (1) that "the defendant absconded and violated the terms and conditions of his probation and failed to appear on the date set by the court . . .," and that he was "intoxicated which was a violation of the terms and conditions of his parole." [Tr. 20].

Defendant argues that he had no opportunity to prepare a defense as to the absconding from the State in that it was not listed as a grounds for revocation. We agree. We have previously held that an application to revoke a suspended sentence must set forth the grounds for revocation with sufficient clarity to enable a person to prepare defense to the allegations. See *Brooks v. State*, Okl.Cr., 484 P.2d 1333 (1971). *Brown v. State*, Okl.Cr., 494 P.2d 344 (1972) and *Knight v. State*, Okl.Cr., 506 P.2d 927 (1973).

We must observe however that the application for revocation specifically sets forth as a ground for revocation that the defendant was intoxicated on March 4, 1977. Uncontradicted evidence as to the intoxication was introduced which in and of itself constitutes sufficient grounds for the revocation of defendant's suspended sentence. See *Carson v. State*, Okl.Cr., 493 P.2d 1397 (1972). The Order Revoking defendant's Suspended Sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.