1999 OK CR 31

**Denico Charles DEMRY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. O 98–1110.**

Court of Criminal Appeals of Oklahoma.

Aug. 25, 1999.

Rehearing Denied Sept. 28, 1999.

---

---

### *ACCELERATED DOCKET ORDER*

¶1   On November 3, 1997, Appellant was charged in CM–97–2802 with Count I, Assault and Battery–Domestic, and Count II, Violation of Protective Order.  On December 16, 1997, Appellant was charged in CM–97–3301 with Violation of Protective Order.  On January 22, 1998, Appellant was charged in CF–98–345, with one count of Burglary First Degree, six counts of Violation of Protective Order, and two counts of Malicious Injury to Property.  Finally, Appellant was charged April 9, 1998, in CM–98–996 with four Counts of Violation of Protective Order.  On May 19, 1999, Appellant entered pleas of guilty in each case and was sentenced.

¶2   In CM–97–2802, the Judgment and Sentence for Count I provided Appellant was sentenced to one year in the county jail "all of said terms of imprisonment are suspended pursuant to the rules and conditions of probation entered by the court, if applicable".  However, the box next to the section entitled "Rules and Conditions of Probation" for Count I was not checked by the trial court.  In that regard, the box providing Appellant "is not under the supervision of the department of corrections" was checked.

¶3   The Judgment and Sentence for Count II provided Appellant was sentenced to "a term of 1 year in the Tulsa County Jail, with all except the first six months suspended under the custody and control of the Tulsa County Sheriff pursuant to the rules and conditions of probation entered by the court."  The Judgment and Sentence further provided "the rules and conditions of probation as ordered by the court and signed by the defendant, acknowledging his understanding of the rules and conditions, are incorporated as

exhibit 'B'.  Defendant is not under the supervision of the department of corrections."  There is no place on the Judgment and Sentence for Count II for a box to be checked like the Judgment and Sentence for Count I.  However, Exhibit B, a "DVIS Abuser Program—Rules and Conditions of Probation" was signed by Appellant, his attorney and the judge.  The sentences in Count I and Count II were ordered to run concurrently.

¶4   In CM–97–3301, the Judgment and Sentence provided Appellant was sentenced to one year, all of said term suspended "pursuant to the rules and conditions of probation entered by the court, if applicable."  However, the box next to the "Rules and Conditions of Probation" section was *not* checked.  Moreover, the box signifying Appellant was not under the supervision of the department of corrections was checked.  This sentence was ordered to run consecutive to the sentence in CM–97–2802.

¶5   In CF–98–345, Appellant was sentenced to one year in the county jail, all of said terms suspended "pursuant to the rules and conditions of probation entered by the court, if applicable."  Once again, under the "Rules and Conditions of Probation" section on the Judgment and Sentence for each count, the box was *not* checked.  The sentences in each count were ordered to run concurrently, but all sentences were to run consecutive to the sentence in CM–98–996.

¶6   Finally, in CM–98–996, Appellant was sentenced to one year in the county jail on all counts, all sentences suspended "pursuant to the rules and conditions of probation entered by the court, if applicable."  However, under the "Rules and Conditions of Probation" section on the Judgment and Sentence for each count, the box was *not* checked.  The sentences in each count were ordered to run concurrently, but the sentence in Count I was ordered to run consecutive to the sentence in CM–97–3301.

¶7   On August 25, 1998, the District Attorney filed an application to revoke the suspended sentences in each case alleging Appellant had committed four new misdemeanor offenses of Violation of Protective Order.  A revocation hearing was held September 17, 1998, and at the conclusion of

that hearing, the court found sufficient evidence Appellant had committed the four misdemeanor offenses and revoked the suspended sentences in all cases.

¶ 8 Orders revoking the suspended sentences were issued in Case Nos. CM–97–2802, CM–97–3301 and CM–98–996. However, in Case No. CF–98–345, rather than an order being issued revoking the suspended sentence, a Judgment and Sentence was filed September 28, 1998, reflecting Appellant had entered a plea of guilty on September 17, 1998, and received a one year sentence on Count II.

¶ 9 On Appeal, Appellant raises three propositions of error:

1. The revocations of the suspended sentences in CM–97–3301, CM–98–345 and CM–98–996 were not authorized by law where Appellant did not commit any violation during the period of those sentences;

2. Revocations of the suspended sentences in CM–97–3301, CF–98–345 and CM–98–996 were not authorized by law where Appellant was not placed on Rules and Conditions of Probation and was revoked for committing a misdemeanor; and

3. The new Judgment and Sentence filed on September 28, 1998, in CF–98–345 is void.

¶ 10 Pursuant to Rule 11.2(A)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (1998), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions of error were presented to this Court in oral argument July 22, 1999, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of the Court.

¶ 11 In the first proposition, Appellant argues that since he was serving only the suspended portion of the Judgment and Sentence in CM–97–2802, the trial court did not have jurisdiction to revoke the suspended sentences in the three cases he was not yet serving. We disagree.

¶ 12 This Court has previously affirmed a trial court's order revoking consecutive suspended sentences finding the revocations to be within the trial court's discretion. See *Medlock v. State*, 1972 OK CR 135, ¶ 2, 497 P.2d 446. A suspended sentence is a matter of grace. *In re Hall*, 78 Okla.Crim. 83, 143 P.2d 833. Until that suspended sentence has been fully served, a defendant remains under the jurisdiction of the trial court with the sentence subject to revocation. *Crowels v. State*, 1984 OK CR 29, ¶ 6, 675 P.2d 451, 452. As long as an application to revoke is filed before the expiration of a suspended sentence, that sentence is subject to revocation. *Id.* Appellant's first proposition is denied.

¶ 13 Regarding Appellant's second proposition, as set forth above, the original records in each case reveal the only case with any Rules and Conditions of Probation specified in a Judgment and Sentence was CM–97–2802. The three other cases did not mention, nor indicate, any Rules and Conditions of Probation were applicable to the Judgments and Sentences. Thus, Appellant contends revocation of the remaining cases was not authorized because he was not placed on Rules and Conditions of Probation in any of those cases.

¶ 14 In support of his argument, Appellant cites *Madden v. Faulkner*, 1969 OK CR 69, 450 P.2d 860. In *Madden*, the defendant pled guilty to the misdemeanor offense of lewdness and was sentenced to one year in the county jail with all but thirty days suspended. The Judgment and Sentence did not condition the suspended portion of the sentence on specified terms. Three months later, the defendant was again arrested. Based on the new charges, the defendant's suspended sentence was revoked for lack of good conduct. The defendant sought habeas corpus relief.

¶ 15 This Court observed that in the absence of statutory conditions for a suspended sentence or grounds upon which a sentence may be revoked, a judge may suspend the imposition or execution of a sentence conditioned upon certain conduct or terms. The State argued the defendant's suspended sentence was conditioned upon her good be-

havior. However, such a condition was not reflected on the face of the defendant's judgment and sentence, nor was there evidence of any conditions being set by the trial judge. This Court found it possible the defendant may have had the impression she received a suspended sentence with no terms or conditions attached. Thus, it was held incumbent upon a judge suspending a sentence to specify the terms, if any, upon which the suspension is to be conditioned. *Madden*, 1969 OK CR 69, ¶ 10, 450 P.2d at 861. Because no conditions were specified on the defendant's judgment and sentence, the writ of habeas corpus was granted. *See also In re Collyar*, 1970 OK CR 48, ¶ 14, 476 P.2d 354, 356 (holding the trial court must set forth the terms and conditions governing a suspended sentence under § 991a).

¶ 16 In contrast is *Brooks v. State*, 1971 OK CR 199, 484 P.2d 1333. In that case, the defendant entered a plea of guilty to the felony offense of larceny of an automobile and received a four year suspended sentence. The defendant's judgment and sentence did not provide any court imposed conditions on the order of suspension. The defendant's suspended sentence was subsequently revoked and he appealed citing the rule of law in *Collyar* and *Madden*.

¶ 17 On appeal, this Court held that despite the lack of terms and conditions being set by the trial court on the defendant's suspended sentence, a condition of a suspended sentence that a person may not commit a felony is so basic and fundamental any reasonable person would be aware of such condition. *Brooks*, 1971 OK CR 199, ¶ 3, 484 P.2d 1333. Thus, the revocation of the defendant's suspended sentence was affirmed.

¶ 18 This Court reaffirmed the principle of *Brooks* in *Anderson v. State*, 1971 OK CR 386, 489 P.2d 797. In *Anderson*, the defendant was given a four year suspended sentence for the felony of assault and battery with a dangerous weapon. The judgment and sentence did not list specific conditions by the trial court for the suspended sentence. Later, the defendant was convicted of another felony offense. Based on that conviction,

the trial court revoked the defendant's suspended sentence.

¶ 19 On appeal, the defendant claimed his revocation should be vacated because no specific conditions of suspension were listed by the trial court. Rejecting the defendant's argument, this Court distinguished *Collyar* finding it did not discuss the inherent conditions which "must of necessity exist" in a suspended sentence. Thus, the Court held that any suspended sentence contains the inherent condition the person shall not commit any felony during the period of his suspension. *Anderson*, 1971 OK CR 386, ¶ 8, 489 P.2d 797, 798.

¶ 20 The record in the case at bar supports Appellant's contention the Judgments and Sentences in Case Nos. CM–97–3301, CF–98–345 and CM–98–996 did not have specific conditions of suspension. Furthermore, Appellant's contention he did not commit a felony is also supported by the record. Nevertheless, we find the revocation of Appellant's suspended sentences to be proper because while released on a suspended sentence, Appellant committed the same offense for which he received the previous orders of suspension.

■■■ ¶ 21 This Court is not prepared to hold it to be inherent that a person shall not commit *any* misdemeanor during a period of suspension. Obviously, misdemeanor offenses vary greatly and we will not create an arbitrary list of which misdemeanors justify revocation and which ones do not.[1] However, we do hold a suspended sentence for a misdemeanor contains the inherent condition that the person shall not commit the same misdemeanor during the period of suspension. Based on this holding, Appellant's second proposition of error is denied.

■■■ ¶ 22 Finally, the State has confessed error on Appellant's last proposition of error. As noted above, the District Court revoked all four suspended sentences at the revocation hearing on September 17, 1998. Appellant did not enter a guilty plea in CF–98–345. Clearly, Appellant cannot have two Judgments and Sentences for the same crime. An Order Nunc Pro Tunc is the

---

1. If a trial court desires to condition a suspended sentence on the defendant not violating any laws, such must be clearly specified on the judgment and sentence.

vehicle by which the court may correct clerical errors. *Kamees v. State,* 1991 OK CR 91, ¶ 20, 815 P.2d 1204, 1206. An order needs to be entered reciting that on September 17, 1998, Appellant's one year sentence in CF–98–345 was revoked and the new Judgment and Sentence entered by the trial court on that day declared void.

¶ 23 Therefore, based upon this Court's analysis of the facts of this case, together with argument presented, we find the order of the District Court revoking the suspended sentences in Case Nos. CM–97–3301, CF–98–345 and CM–98–996 is **AFFIRMED**. However, the matter is **REMANDED** to the District Court with instructions to **VACATE** the Judgment and Sentence entered September 17,1998 in CF–98–345 and enter an Order Nunc Pro Tunc reflecting the suspended sentence in that case was revoked in full.

¶ 24 **IT IS SO ORDERED.**

¶ 25 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 25th day of August, 1999.

/s/ Reta M. Strubhar—Concurs in Results
RETA M. STRUBHAR, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge