. **Cecil Ray SNEED, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–75–58.**

Court of Criminal Appeals of Oklahoma.
April 22, 1975.

**1322**

Michael P. Warwick, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Cecil Ray Sneed, hereinafter referred to as defendant, was charged in the District Court, Pottawatomie County, for the offense of Burglary Second Degree. Upon a plea of guilty the court assessed a five (5) year sentence and suspended said sentence upon defendant's good behavior. On August 29, 1974, following a hearing held upon an application to revoke the suspended sentence of defendant filed by the District Attorney, the trial court revoked defendant's suspended sentence. Subsequently, defendant made application in the District Court of said county for post conviction relief. From an adverse ruling of the trial court, defendant has perfected a timely appeal to this Court.

In summary, at the hearing of the State's application to revoke defendant's suspended sentence, the testimony of Officer T. J. Hill, Police Officer for the City of Perryton, Texas, revealed that on July 10, 1974, he stopped a white 1974 Thunderbird. After stopping the vehicle he observed defendant to be seated on the passenger side of the vehicle. In his company were a Mr. Burrows who was driving the vehicle and a Mr. Allen who was seated in the back seat. After observing motions made by Allen, he drew his revolver and ordered the three men from the vehicle. The trio was ordered to the front of the vehicle and frisked for weapons. Subsequently, a search of the vehicle revealed a loaded .22 Magnum single-action revolver in the back seat next to where Allen was sitting. In the front seat between the driver's seat and passenger's seat, was a loaded .410 shotgun pistol with the butt up and barrel down, and cocked. The gun was on the side of the console toward the passenger side of the vehicle, the side where defendant was sitting. The State offered this weapon into evidence and the weapon was admitted without objection of defense counsel.

Ella Renfro, a Pottawatomie County Probation and Parole Officer, testified that during the period of time, six months, she had been assigned as a parole officer in the County the defendant had never reported to her.

State's Exhibits Nos. 2 through 8 were offered and admitted into evidence without objection of defense counsel. Said exhibits were judgments and sentences of convictions of one of the companions in the vehicle, Burrows. Said exhibits established that Burrows was a convicted felon and were introduced for the purpose of showing defendant was keeping company with convicted felons, contrary to the provisions of his probationary status.

Thereafter the State rested its case.

On behalf of the defense, Annie Marie Sneed testified that on the date that defendant was arrested he was looking for work. To her knowledge that was the reason defendant was in the company of Burrows and Allen on the date he was arrested. On cross-examination she stated it was her understanding he was going to look for work in Oklahoma City and it wasn't until the day following his arrest that she learned that he was arrested in Texas. She stated defendant parted from the house in his 1966 Chevrolet, however, while she was absent from the home defendant's car was returned that same date and was in the front yard when she returned.

Defendant testified he was the same person placed on probation in the same court in May of 1974. On that date he was living in Tishomingo and subsequently moved to Seminole, Oklahoma, for the reason he was unable to find work in Tishomingo. He testified he had paid the five dollar fee required of a probationer, but stated that he had not met with a corrections officer for the reason he was not notified who the officer was or where he was to meet with him. He also stated he did not inform a probation officer of his change of address. He stated that on the date he was arrested he left for Oklahoma City in his car. He had trouble with a rear wheel bearing and therefore returned it to his house. He walked from the house to Highway 9 where he attempted to hitchhike to Oklahoma City. Burrows and Allen picked him up. He testified that he told them he was

going to Oklahoma City to look for work; that they told him he could get work as a roughneck for a drilling firm, Baker and Taylor in Texas; and that he decided to go there with them to find a job. Defendant testified he had no knowledge that the firearms in question were in the vehicle. The evidence also revealed Burrows and the defendant had previously worked together at a service station.

Officer T. J. Hill was recalled to testify, and on rebuttal stated no work clothes were found inside the vehicle at the time of arrest and the additional items (tools) were found in a consent search in the trunk.

Defense counsel urges in his first proposition of error that the evidence adduced at the revocation hearing is not sufficient to establish a basis for revocation of defendant's suspended sentence. Defense counsel in detail urges; that the evidence is insufficient to show defendant violated a city, State or Federal law; that the evidence is insufficient to show that the Gene Allen Burrows represented in the seven judgments and sentences introduced into evidence as State's Exhibits Nos. 2 through 8 was the same Gene Aldon Burrows defendant was known to work and associate with; that the judgments and sentences were insufficient to place defendant on notice of the manner in which he was to report to the Department of Corrections while on probation; and that the evidence of temporary absence of defendant outside the boundaries of the State of Oklahoma was not sufficient to constitute leaving the State of Oklahoma as prohibited by the terms of probation.

Before this Court is able to determine whether or not the evidence is sufficient to constitute a violation of the terms of probation, we first must look to the terms set by the court within the judgment and sentence and the court minutes to determine what the provisions of probation were. The summary of facts entered at defendant's plea of guilty, page 4 of the original record, and a portion of the minutes of

that court's record provides the conditions of probation and states them as follows:

"1. If you violate any City, State of (sic) Federal laws;

"2. If you should be in possession of narcotic drugs;

"3. If you habitually associate with convicted felons, or with lewd or vicious persons;

"4. If you indulge in vicious habits;

"5. If you leave the State of Oklahoma without first having received written permission of the Corrections Officer to do so;

"6. If you change residence from the address you gave the Corrections Officer, without notifying said officer in writing promptly;

"7. If you fail to report in writing to the Corrections Department as directed by them;

"8. If you fail to pay the required sum of money each month to the Clerk of the Court as instructed;

"9. If you fail to pay the Court costs in the sum of $80.00 on or before August 1, 1974; or, * * *"

■ It appears from the testimony adduced at the hearing the evidence clearly supports the allegations in the application to revoke which raise the issues defendant was in violation of the terms of his probation by being in the company of Gene Burrows, a known felon, and by failing to report to the Department of Corrections and by failing to obtain permission to leave the State of Oklahoma. The trial court in passing on the evidence at the revocation hearing determined that although the above infraction of the rules was minor all the evidence in the instant case was considered together sufficient to revoke defendant's suspended sentence. We agree with the trial court. There is some question of whether or not the evidence is legally sufficient to indicate defendant maintained unlawful possession of a firearm as prohibited by Title 10 of the Texas Penal Code, V.T.C.A., § 46.05. We, however, find that coupling the evidence of this firearm having been in the vehicle in which defendant was riding with the evidence which circumstantially is sufficient to show defendant had knowledge he was in the company of a convicted felon and outside of the State of Oklahoma without permission of the Oklahoma Department of Corrections, and further considering the above quoted section of the minutes which specifically set forth defendant was to report to a probation officer and the fact that he did not do so, the evidence upon which the trial court determined the suspended sentence should have been revoked was legally sufficient and it was within the province of that court to weight the evidence and determine whether probationary status should have been revoked. This Court will not sit in judgment of a trial court's determination of fact at a revocation hearing unless there is a clear abuse of discretion or the trial court's determination is clearly against the weight of evidence.

■ Defense counsel urges next that the trial court erred in denying defendant an evidentiary hearing upon the allegations of the application for post conviction relief for the reason that said allegations raised genuine material issues of fact as to the voluntariness of the plea of guilty entered by defendant. The allegation in the application before the District Court averred the defendant was coerced by defense counsel into entering a plea of guilty for the instant offense even though he insisted that he was not guilty. Further, he avers that the punishment imposed upon his guilty plea was unreasonable for the offense. At page 4 of the record made at the defendant's plea of guilty, the trial court specifically inquired of defendant whether his guilty plea was a free and voluntary plea and if he had been induced or threatened by anyone to enter his plea. To both questions defendant affirmatively stated that he was pleading guilty only for the reason that he was guilty for the offense and not for the reason of inducement. We find the specific declarations

made by defendant at this time sufficient to rebut the allegation raised in defendant's post conviction application, and that the District Court was not required to conduct an evidentiary hearing in this matter. The record before this Court is sufficient to establish the rules set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) which requires the record at the plea of guilty show that the guilty plea was a free and voluntary plea, Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973), was satisfied. For this reason we find this proposition to be without merit.

The District Court's order denying post conviction relief is affirmed.

BRETT, P. J., and BUSSEY, J., concur.