Clarence Jordan
**WITHERSPOON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. 0–85–489.**

Court of Criminal Appeals of Oklahoma.

March 2, 1988.

Lee Ann Jones Peters, Chief of the Appellate Division Oklahoma County Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dicerson, Asst. Atty. Gen., W. Craig Sutter, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Appellant, Clarence Jordan Witherspoon, pled guilty in the District Court of Oklahoma County to the crime of Second Degree Forgery (21 O.S.1981, § 1577), Case No. CRF–79–4177. He was sentenced to five (5) years imprisonment, with all five (5) being suspended. On December 4, 1980, three (3) of the five (5) years were revoked. The remaining two (2) years were revoked on February 12, 1985 by the Honorable James L. Gullett. It is from the second revocation this appeal was perfected.

A brief discussion of the circumstances surrounding both revocations is necessary. On December 4, 1980, three (3) years were revoked due to certain violations of his probation. At this hearing, the district court determined that appellant had failed to make restitution and pay court costs by April 2, 1980, the deadline set by the court. Upon revocation of three (3) years, the court did not set a new payment deadline to be followed by appellant after his release from incarceration.

On February 12, 1985, a second revocation hearing was held wherein the remaining two (2) years were revoked. The revocation was based on several violations: (1) failure to report to his probation officer, (2)

failure to notify the probation officer of an address change, (3) failure to pay court costs by April 2, 1980, and (4) failure to make restitution by April 2, 1980.

As his first assignment of error, appellant claims that failure to make restitution and pay court costs are not adequate grounds for this second revocation. He urges that he was not given notice such payments were still owing upon his release from incarceration. He also urges that a second revocation cannot be based on delinquent payments which were the subject of a prior revocation.

 We agree that appellant must be given adequate notice of the terms of his probation. *See Sneed v. State,* 534 P.2d 1321, 1324 (Okla.Crim.App.1975). Appellant was never advised that payment of court costs and restitution, both of which were due in 1980, were still owing in 1985. Further, no new payment deadline was set. Because appellant was not sufficiently advised of these terms, such may not be used to revoke his suspended sentence. *See Madden v. Faulkner,* 450 P.2d 860, 862 (Okla.Crim.App.1969). Therefore, the trial court erred in basing revocation on failure to make restitution and pay costs.

Appellant also asserts that the State failed to prove by a preponderance of the evidence that he did not report to the probation office or report his change of address. Upon being released, appellant was directed to report to Sharon Merrett, who was his assigned probation officer. At the hearing, the State presented Jerry Rhodes, who testified that appellant's case was assigned to him. The State offered no evidence to show that appellant's case had been reassigned to Mr. Rhodes or that appellant was notified of the change. Appellant testified that he reported to the probation office, spoke with another officer, and reported his address change.

Again, the State has failed to show that appellant received notice of changes regarding his probation. *See Madden v. Faulkner, supra.* While lack of notification does not excuse the appellant from the duty to report, such a violation cannot be used to revoke his suspended sentence unless the State proves by a preponderance that appellant was notified of the changes. Appellant cannot be expected to report to his assigned officer if he is not notified as to who is assigned to his case. Further, the State's evidence does not indicate appellant failed to report altogether, but only that he failed to report to Jerry Rhodes. Because the State did not give notice to appellant and has failed to prove that appellant neglected his duty to report, the trial court erred in basing its revocation on these grounds.

As there was no other asserted basis for revocation, the order of the trial court revoking the remaining two (2) years of appellant's suspended sentence is REVERSED.

BRETT, P.J., concurs.

BUSSEY, J., not participating.